**SKELLY OIL CO. et al. v. BARKER et al.**

No. 18127. Opinion Filed Sept. 18, 1928.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Authority of Industrial Commission to Reopen Case Upon Change of Condition—Conclusiveness of Additional Award Supported by Evidence.**

Under section 7296, C. O. S. 1921, the Industrial Commission is authorized on its own motion or upon application of an injured employee to reopen the case and make an additional award upon a changed condition of an employee or claimant, and where said award is made upon a changed condition and there is any competent evidence

reasonably tending to support the same, it will not be disturbed upon review by this ·court.

## 2. Same—Employer Not Liable for Medical Expenses Where no Statutory Request Made by Employee.

The employer and insurance carrier are not liable for medical expenses incurred by employee where the employee fails to request that said treatment be furnished by employer as required by statute.

Original action by the Skelly Oil Company et al. in Supreme Court to review an award of the State Industrial Commission in favor ·of John R. Barker. Affirmed in part, and reversed in part.

Lydick, McPherren & Jordan, for petitioners.

Edwin Dabney, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for respondents.

CLARK, J. This was an original action filed in this court by the Skelly Oil Company and Consolidated Underwriters, petitioners, to review an award of the State Industrial Commission entered on the 28th day of January, 1927, wherein the respondent John R. Barker was awarded compensation and medical expenses for temporary total disability.

Petitioners contend that the State Industrial Commission committed error in refusing to hold that there was no change in the condition of claimant resulting from said accident after the claimant had, on the 17th day of May, 1924, signed and filed a final receipt for compensation for time lost up to that time.

The record discloses that on or about the 10th day of March, 1924, claimant received an injury to his back which disabled him from the performance of ordinary labor. Claimant returned to work on or about the 17th day of March, 1924, and on the 20th day of March was compelled to discontinue his work, receiving medical treatment from Dr. C. A. Johnson, of Wilson, and April 1, 1924, he again returned to work, and continued to work until January 11, 1925, when he was again compelled to discontinue the performance of manual labor; that he attempted to work from February 1, 1925, to February 18, 1925, and on the 18th of February, 1925, claimant's disability was such as to prevent him from performing manual labor, and he was temporarily totally disabled.

The Commission found that the disability was caused by the accidental injury received to the back of claimant. On the 17th day of May, 1924, the claimant, believing that he was well, signed a final receipt for the sum of $9, which was paid the claimant by petitioner, which receipt was approved by the State Industrial Commission. The receipt was executed by the claimant and approved by the Commission on the theory that claimant had fully recovered. Petitioners contend that there was no change in claimant's condition for the reason the evidence tends to show that the claimant, a short time after signing the receipt, was still suffering from the injury to his back. The Commission approved the final receipt tendered by petitioners on the theory that the claimant had recovered, and petitioners should not now be heard to say that claimant had not recovered.

The approval of this receipt by the Industrial Commission was not an award closing this case. It was not a finding that claimant had fully recovered. It was merely approval of the final payment as presented by petitioners. The fact that claimant was mistaken in believing that he had fully recovered and his attempt to go back to work should not be used against him.

Petitioners contend that, since claimant had suffered with his back all the time since the injury, the testimony failed to show a change in condition as found by the State Industrial Commission. This is a question of fact. The legal condition of the claimant as found by the Industrial Commission at the time the final receipt was approved was that he had recovered. Petitioners should not be heard at this time to say: "We deceived the Industrial Commission; the man was still suffering from the injury."

We think the evidence is sufficient to sustain the finding and award of the Industrial Commission that there was a change in claimant's condition. The evidence disclosed that the claimant went back to work and was able to work; his condition was such that at that time he could work and earn a salary. His condition became such later that he could not work. This proof is in the record, and this is the change in condition contemplated by the statute. Therefore, under section 7296, C. O. S. 1921, the Commission was authorized to reopen said cause upon proper application and make the claimant an award.

It is next contended by petitioners that the evidence was insufficient to sustain the award of the Industrial Commission. It is true that there is a conflict in the evidence as to the cause of the injury to the claimant's back. Yet, the proof was before the Commission that the claimant was a strong, healthy man, able to do heavy manual labor prior to the injury, and subsequent thereto was unable to work. We think this evidence

is sufficient to sustain the findings of the Commission that the inability of the claimant to perform manual labor was due to the accidental injury received by claimant.

Where questions of fact are before the Industrial Commission for a decision, the same is binding on this court, if there is any competent evidence reasonably tending to support the same. This rule is so well established in Oklahoma that it needs no citation of authorities.

It is next contended by petitioners that the State Industrial Commission committed error in holding that respondent, an insurance carrier, is liable for all statutory medical expenses incurred by claimant as a result of said action. The Attorney General in his brief makes this admission:

"We are convinced that this assignment of error of the petitioners is well taken, and that there is no indication from the record that the claimant requested additional medical treatment from the employer and was refused before claimant made such expenditures himself, as is required by statute."

We must therefore conclude that the order and award of the Industrial Commission is affirmed with the exception of the medical expenses incurred by claimant without first requesting employer to furnish such medical treatment, and as to that part of the award the same is reversed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) Workmen's Compensation Acts—C. J. p. 132, §151; anno. L. R. A. 1916A, 163; L. R. A. 1917D, 186; 28 R. C. L. p. 823; 4 R. C. L. Supp. p. 1868; 5 R. C. L. Supp. 1579; 7 R. C. L. Supp. p. 1009. (2) Workmen's Compensation Acts—C. J. p. 100, §97.