## INDIAN TERRITORY ILLUMINATING OIL CO. v. CROW et al.

No. 21341. Opinion Filed Feb. 17, 1931.

Clayton B: Pierce, for petitioner.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

CLARK, V. C. J. This is an original action filed in this court by petitioner to review an award of the State Industrial Commission, made and entered on the 18th day of April, 1930, in favor of the respondent William A. Crow, where the Industrial Commission found; First. That on December 23, 1928, respondent was in the employment of this petitioner and engaged in the performance of an occupation within and covered by the provisions of the Workmen's Compensation Law. Second. On December 23, 1928, arising out of and in the course of his employment for petitioner, respondent sustained an accidental personal injury which resulted in his temporary total disability from the date of said injury to April 1, 1929. Third. As a further result of said accidental injury, respondent suffered the loss by amputation of the right leg. Fourth. That the average wage of respondent at the time of his injury was $3.50 per day, and that respondent is entitled to compensation at the rate of $13.46 per week, computed from December 23, 1928, to April 1, 1929, less the statutory five-day waiting period; that respondent was entitled to $13.46 for a total period of 175 weeks for the loss of his right leg by amputation.

It is this judgment and award that petitioner seeks to review. The first contention is that an injury sustained by reason of the intoxication of the employee is not compensable under the Workmen's Compensation Law.

Section 7285, C. O. S. 1921, provides for compensation for the disability of employee resulting from accidental personal injury sustained by him arising out of and in the course of his employment, except where the injury results directly from the intoxication of the injured employee while on duty. Petitioner quotes testimony from the record of several witnesses who testified that prior to the injury, about five o'clock in the afternoon, respondent was drinking. Respondent and other witnesses testified that he was not drinking and was not under the influence of intoxicating liquor at the time of the alleged injury, which occurred about midnight.

The record discloses that one Gable was lease foreman for petitioner, and had charge of what is called the Bennett lease, owned and operated by petitioner, and that respondent Crow had worked some 20 days under the direction of Gable on the lease. Crow went to the Bennett lease in search of Gable to see if he would be needed that night, since he had heard that Gable was having trouble with one of the wells. Testimony shows that upon reaching the lease he found some men there gambling and that Gable entered into the game; that a gas torch, which was directly connected with the gas from the well, was lighted by Gable and Gable told Crow that he would give him a day's time to stay and watch the torch, and that Crow stayed and watched the torch and found it necessary to adjust the valve of the torch several times, which was outside of the engine house, to the rear; that Crow did not enter into the poker game and did not drink while performing his duty of watching said torch. About midnight, while Crow was on the walk more than 20 feet from the door of the engine room, he noticed that the engine room was lit up and it seemed to be all aglow. Crow rushed to the engine house and as he opened the door flames came toward him and caught his pants' leg on fire. He ran through the engine room and out the rear door to get to the valve controlling the gas torch, feeling all the time the burning pants' leg. Crow was successful in turning off the gas, but was unable to beat the fire out of his pants' leg until it had severely burned him. Fire also burned the other leg and affected one eye to some extent. With assistance he got the burning pants off and started to cross the field for home and was picked up by Mr. Meyers and Miss Baker and carried home.

Section 7295, C. O. S. 1921, provides:

"In any proceeding for the enforcement of a claim for compensation under this act, it shall be presumed in the absence of substantial evidence to the contrary: 1. That the claim comes within the provisions of this act. * * * 4. That the injury did not result solely from the intoxication of the injured employee while on duty."

So, the statutory presumption being that the injury did not result solely from intoxication of the injured employee while on duty, places the burden upon petitioner to prove to the satisfaction of the Industrial Commission that the injury did result solely from intoxication of Crow while on duty.

The finding of the Industrial Commission that Crow was entitled to compensation was a finding against the contentions of petitioner on this question. However, an examination of the record will disclose that a

preponderance of the testimony and all reasonable inferences drawn therefrom prove that Crow was not intoxicated at the time of the injury.

Petitioner contends that the Industrial Commission erred in not making a specific finding upon this question. With this contention we cannot agree. The finding of the Industrial Commission generally, on this particular question, was sufficient.

This court, in First National Bank of Guymon v. Arnold, 28 Okla. 49, 113 Pac. 719, said:

"In a cause tried to the court, a general finding for plaintiff is equivalent to finding in his favor each fact in issue in the cause."

In the case of Conner v. Warner, 52 Okla. 630, 152 Pac. 1116, this court said:

"Where the testimony is oral and conflicting and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon the Supreme Court upon all doubtful and disputed questions of fact."

The second contention of petitioner is that the accident did not arise out of the employment. Crow testified that the foreman or farm boss, Gable, told him that if he would stay that night and watch the torch he would give him a day's pay for the same. If this testimony of Crow is believed, then Crow was working under the direction and at the request of the foreman, Gable. Petitioner contends that even if Gable attempted to employ Crow for that purpose, the employment terminated when the poker game broke up at about 11 or 11:30 o'clock. After that time there was no need for Crow to be there, except for his own personal purposes. The engines were not running that night, and nothing was going on on the lease. No machinery was being operated. The petitioner did not keep a watchman on these premises and had no need for a watchman. In fact, no service could be rendered for the petitioner at all. There is no testimony that Gable fixed a time limit on Crow's employment, but merely told him to watch the torch, and it was his duty to watch this torch and to stay until everyone was gone and the torch could finally be put out or left in safety, or until Gable might return.

Robert Adams' testimony corroborated that of Crow as to the torch, in that he testified that Gable went into the engine room and lit the torch. The testimony shows that this torch was dangerous and that after it was lit if it was not watched the variations in the gas pressure were apt to result in serious consequences. Petitioner cites the case of Lucky Kid Mining Co. v. State Industrial Commission, 110 Okla. 27, 236 Pac. 600. That case is distinguished from the case at bar in this: The employee was not acting under the direction or supervision of the foreman of the mining company or performing any duties for the mining company. He was using the hoist or elevator to bring timbers out of the mine for his own use at the time he was injured, and was not performing those services under the direction of the mining company. In the case at bar, Crow was watching the torch and regulating the same under the direction of the foreman, Gable, and at the time of the accident was engaged in such occupation.

The third contention of petitioner is that the accident did not occur in the course of employment. This was a question of fact, and was found by the Commission against petitioner. Where the evidence is conflicting, this court will not weigh the same.

The fourth contention is that, under the Workmen's Compensation Law of this state, the burden rests upon the employee to establish by competent evidence the accidental nature of the injury complained of; and that it arose out of and in the course of the employment. This is also a question of fact, and being determined by the Industrial Commission in favor of claimant below, respondent here, and there being competent evidence supporting the finding of fact, this court will not disturb the same on review.

The judgment and award of the State Industrial Commission is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

SWINDALL, J., concurs specially.

Note.—See under (1) anno. 43 A. L. R. 421; 28 R. C. L. p. 794; R. C. L. Perm. Supp. p. 6218; R. C. L. Continuing Perm. Supp. p. 1201; (2) anno. L. R. A. 1918F, 915; 28 R. C. L. p. 812; R. C. L. Continuing Perm. Supp. p. 1206.