## SINCLAIR OIL & GAS CO. v. CAMPBELL.

No. 22860. Opinion Filed March 8, 1932.

Edward H. Chandler, Summers Hardy, and C. L. Canfield, for petitioner.

J. H. Kennedy, for respondent.

SWINDALL, J. On October 3, 1928, Frank M. Campbell, while in the employment of the Sinclair Oil & Gas Company, sustained an accidental personal injury arising out of and in the course of his employment. On December 1, 1928, Frank Campbell, as claimant, and Sinclair Oil & Gas Company, as respondent, filed an agreed statement of facts before the State Industrial Commission, in which they agreed that, on October 3, 1928, claimant received an accidental personal injury, consisting of a fractured hip; that the extent of disability was temporary and he was paid the sum of $97.47. On December 29, 1930, claimant filed claim for compensation, and, on January 12, 1931, a motion was filed by claimant requesting the Commission to reopen the cause and place same on docket for a hearing to determine further liability and extent of disability resulting from injury sustained on October 3, 1928. In his claim for compensation claimant states that he returned to work on November 21, 1928, and received full wages from that date to September 21, 1930, and that he has been unable to work since September 22, 1930. The Commission set the cause for hearing on the motion to reopen at Muskogee, Okla., for February 19, 1931. At this hearing testimony was offered by the respective parties, and on August 28, 1931, the Commission having heard the evidence made the following findings of fact:

"(1) That on the 3d day of October, 1928, the claimant was in the employment of respondent herein and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law; that on said date, he sustained an accidental injury, arising out of and in the course of his employment by pelvis fractured.

"(2) That the average daily wage of claimant at the time of said accidental injury was $4.

"(3) That by reason of said accidental injury, claimant was temporarily totally disabled from performing ordinary manual labor for a period of seven weeks, for which he was paid $97.47, and returned to work and worked until September, 1930; that in

September, 1930, by reason of said accidental injury, claimant was compelled to quit work again and was temporarily totally disabled from performing ordinary manual labor.

"(4) That on January 12, 1931, claimant filed a motion with this Commission to reopen cause and award further compensation, alleging he has never recovered from said injury; that there has been a change in condition.

"(5) That as a result of said accidental injury claimant's wage-earning capacity thereafter has decreased 50 per cent.

"(6) That by reason of claimant's permanent partial disability as aforesaid, claimant is entitled to 66⅔ percentum of the difference between his average weekly wage and his wage-earning capacity thereafter in the same employment, payable during the continuance of such partial disability, not to exceed 300 weeks."

Within the time provided by law the respondent filed its petition in this court to review said award. The petitioner presents its case to this court upon eight assignments of error, numbered and stated by it in its brief as follows:

"(4) Said State Industrial Commission erred in finding that as a result of said accidental injury claimant's earning capacity thereafter was decreased 50 per cent. (5) Said State Industrial Commission erred in finding that by reason of claimant's permanent partial disability as aforesaid, claimant is entitled to 66⅔ per centum of the difference between his average weekly wage and his wage-earning capacity thereafter in the same employment, payable during the continuance of such partial disability, not to exceed 300 weeks. (6) Said State Industrial Commission erred in its opinion and conclusion that said claimant is entitled to compensation at $8 per week computed from January 12, 1931. (7) Said State Industrial Commission erred in its opinion and conclusion that claimant is entitled to any further compensation. (8) Said State Industrial Commission erred in sustaining the motion to reopen. (9) Said State Industrial Commission erred in awarding claimant further compensation. (10) Said State Industrial Commission erred in ordering payment of medical expense. (11) Said State Industrial Commission erred in admitting evidence over the objection of respondent."

It is clear that the findings of the State Industrial Commission are inconsistent. In the third paragraph of its findings of fact, the Commission found:

"That in September, 1930, by reason of said accidental injury, claimant was compelled to quit work again and was temporarily totally disabled from performing ordinary manual labor."

The fifth finding is:

"That as a result of said accidental injury claimant's wage-earning capacity thereafter has decreased 50 per cent."

And the sixth finding of fact is:

"That by reason of claimant's permanent partial disability as aforesaid, claimant is entitled to 66⅔ percentum of the difference between his average weekly wage and his wage-earning capacity thereafter in the same employment, payable during the continuance of such partial disability, not to exceed 300 weeks."

The third finding of fact is that, in September, 1930, claimant "was temporarily totally disabled," and the sixth finding is, "that by reason of claimant's permanent partial disability as aforesaid claimant is entitled" to compensation.

The State Industrial Commission's fact finding is conclusive and will not be vacated if supported by any competent evidence. Proceedings in the Supreme Court to review Industrial Commission's award is to review errors of law and not of fact. However, this court cannot approve an award of the State Industrial Commission based on inconsistent findings of fact. If the claimant was temporarily totally disabled from performing ordinary manual labor in September, 1930, and the same was the result of the original injury and due to a change in condition, he would be entitled to an award of compensation under paragraph 2 of section 7290, C. O. S. 1921, as amended by section 6, c. 61, Session Laws 1923, which provides that:

"2. Temporary Total Disability: In case of temporary total disability, 66⅔ per centum of the average weekly wages shall be paid to the employee during the continuance thereof, but not in excess of 300 weeks, except as otherwise provided in this act."

If his disability was partial in character but permanent in quality, then claimant's compensation shall be 66⅔ per centum of the difference between his average weekly wage and his wage-earning capacity thereafter in the same employment, **or otherwise,** payable during the continuance of such partial disability, not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon the application of any party in interest. If, as found by the Commission in its fifth paragraph of findings of fact, claimant's earning capacity thereafter was decreased 50 per cent., then in this class

of disabilities his compensation would be 66⅔ per cent. of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment **or otherwise,** payable during the continuance of such partial disability not to exceed the maximum fixed by law, and not in the same employment as found in paragraph 6 of the Commission's findings.

We fail to find any competent evidence in the record showing that the claimant requested medical attendance after he returned to work on November 21, 1928. If he did not request his employer to furnish medical attendance after that date, he is not entitled to an award for medical attendance. Skelly Oil Co. v. Barker, 132 Okla. 279, 270 P. 566; Underwriters Land Co. v. Dirst, 152 Okla. 286, 4 P. (2d) 1015.

We call the Commission's attention to these matters in order that they may upon retrial make a consistent finding of fact, and if upon such hearing they find the claimant is entitled to an award for additional compensation that they may make an award in accordance with the provisions of the Workmen's Compensation Law.

For the reasons herein stated, the award is vacated and the cause remanded to the State Industrial Commission to proceed consistently with the views herein expressed.

LESTER, C. J., and HEFNER, CULLISON, and McNEILL, JJ., concur. KORNEGAY, J., dissents. CLARK, V. C. J., and RILEY and ANDREWS, JJ., absent.

Note.—See under (1), (2), annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; ?8 R C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116.