## LEE DRILLING CO. et al. v. RALPH et al.

No. 22439. Opinion Filed March 29, 1932.

Owen & Looney, P. N. Lindsey, and J. Fred Swanson, for petitioners.

Fred M. Hammer and M. J. Parmenter, for respondents.

HEFNER, J. This is an original proceeding in this court by the Lee Drilling Company and United States Fidelity & Guaranty Company, to review an award of the Industrial Commission awarding compensation to H. G. Ralph.

Claimant contends that, while in the employ of petitioner, in drilling an oil well and engaged in pouring compound into the boiler through a funnel, the boiler exploded and particles of the material lodged in his right eye, and, as a result thereof, he sustained a permanent total loss of the vision of that eye. The Industrial Commission found that claimant sustained an injury as alleged and awarded him compensation accordingly.

The record discloses that claimant failed to give his employer written notice of his injury within 30 days as provided by section 7292, C. O. S. 1921, and petitioners assert that his claim is, for this reason, bar-

red. Claimant urges that his employer had actual notice of the injury within eight days after the accident occurred, and that, in the absence of a showing by petitioners that they were prejudiced by failure to receive written notice, the claim will not be barred.

In our opinion, however, the evidence is insufficient to show that the employer had or received actual notice of the injury within the 30 days prescribed by statute. Claimant testified that he was working under Mr. Bird at the time the accident occurred, but that Mr. Bird did not witness the same. He further testified that he reported the matter to Mr. Bird within eight days after it happened. When asked to state what he said to Mr. Bird relative thereto, he testified as follows:

"When you reported it to him, you say it was about seven or eight days after it happened? Yes. What did you say then? I just told him my eyes were getting worse and I ought to have them treated or something. Did you request medical attention? Yes, sir. They treated you? He just said my eyes looked all right to him and told me to keep on working. Did he tell you to go to anybody? No, sir."

We think this evidence does not prove that petitioner, Lee Drilling Company, had actual notice that claimant claimed to have sustained an injury to his eyes while in the employ of petitioner and that the same occurred in the course of his employment. He simply informed his employer that his eyes were getting worse and should be treated, but did not say that he received an injury thereto while pouring compound into the boiler in the drilling operations.

The record shows that the first notice petitioners had that claimant claimed to have received such injury was in February, 1931. The accident is alleged to have occurred on December 26, 1930. Claimant's claim is, therefore, barred in the absence of a finding of the Commission that notice could not have been given or that petitioners were not prejudiced by failure to receive written notice, as provided by the statute. In the absence of actual knowledge of the injury by petitioners, the burden was on claimant to prove lack of prejudice because of his failure to give the written notice.

In Velie Mines Corp. v. Rogers, 150 Okla. 185, 1 P. (2d) 353, it is said:

"Under section 7292, C. O. S. 1921, providing that notice of an injury for which compensation is payable under the Workmen's Compensation Act of Oklahoma shall be given to the employer within 30 days after injury, failure of the employee to give such notice will bar a claim for compensation under the act, unless the employee shall excuse such failure by affirmative proof that such notice could not have been given or that his employer was not prejudiced thereby."

The Industrial Commission has made no finding on this issue, and, in the absence of a finding based upon evidence that the petitioners have not been prejudiced by failure of claimant to give written notice, the award cannot be sustained.

Claimant claims that the petitioners are estopped from pleading want of notice as a bar to his claim for the reason that they have failed to comply with Rules No. 16 and 23 of the Commission. Rule No. 16, in part, provides:

"Upon the filing of employee's notice of injury and claim for compensation (Form No. 3) notice of such claim will be given to the employer or insurance carrier by the secretary. Such notice shall briefly describe the injury complained of and the relief prayed for. Not later than ten (10) days thereafter the employer or insurance carrier shall commence the payment of compensation to the injured employee or file a denial of liability. If no denial is filed within ten (10) days the allegations contained in the claim will be deemed to be admitted."

Rule No. 23, in part, provides:

"The respondent or insurance carrier may file an answer or denial to the claim of the claimant, but if none is filed within ten (10) days after notice of claim, the allegations contained in the claim will be deemed to be admitted."

Petitioners did not file an answer denying the claim of claimant within ten days after having received the notice of the filing thereof, as provided by the rules, and claimant urges that by reason of such failure they will be deemed to have admitted the allegations of such claim and are estopped from pleading the statute in bar. The record discloses that the Commission granted petitioners leave to file an answer out of time. Under that order, they had a right to present any legal defense they had to claimant's claim, and had the right to defend on the ground that the claim was barred because of the failure of claimant to give notice as provided by the statute.

Petitioners further claim that the evidence is insufficient to sustain the findings of the Commission that, as a result of the injury, claimant sustained a permanent loss of the vision of his right eye. There is no evidence which establishes that the loss of

vision was directly due to the injury. The only evidence offered on this question is that of two physicians, and both testified that the condition of claimant's eye was due to disease and not to the injury. Dr. Shelton, however, testified that, if claimant were diseased prior to the injury, such injury might have aggravated the disease, and that, except for such injury, claimant might never have lost the vision of his eye. If this disease existed prior to the injury and was aggravated thereby, and the accident excited this disease to activity and thus caused the loss of the sight, claimant could recover.

In the case of Christian v. Hanna, 144 Okla. 89, 289 P. 708, the following rule is announced:

"Where an employee engaged in a hazardous occupation within the provisions of the Workmen's Compensation Act has a latent or dormant infectious disease, unknown to him, and receives an accidental injury which aggravates or excites the latent or dormant disease to virulency or activity, the injury, including the effects of infection, is compensable under said act."

The finding of the Industrial Commission is indefinite on this phase of the case. We think it should have made a specific and definite finding as to whether claimant was suffering with a dormant disease prior to the accident, and whether the accident aggravated or excited the disease to activity and thus caused him to lose the sight of his eye. Unless these facts exist, claimant is not entitled to compensation.

In the case of Clark v. State Highway Commission, 146 Okla. 38, 293 P. 260, this court held:

"Where the record is in a state to justify such action, the Supreme Court will, on review of an order of the State Industrial Commission allowing or denying an award, remand the cause to the end that full, proper, and consistent findings of fact be made and that the order be amended or corrected to fully state conclusions of law as required by statute."

For the reasons herein stated, the award is vacated and the cause remanded to the Industrial Commission for a new trial.

LESTER, C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., dissents. CLARK, V. C. J., and RILEY, J., absent.