## KANO OIL CO. et al. v. ROBERTSON et al.

No. 22987. Opinion Filed May 24, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioners.

P. A. Sompayrac, for respondent Robertson.

CULLISON, J. This is an original proceeding before this court to review an order and award entered on the 26th day of September, 1931, by the State Industrial Commission, in favor of Kale Robertson.

The record discloses that the claimant, Kale Robertson, sustained an accidental injury on August 18, 1926, in the nature of multiple injuries to his head and to his right leg, which was broken, while in the employment of the Kano Oil Company, one of the petitioners herein.

Pursuant to a hearing had in this cause, the Industrial Commission entered its order of April 11, 1928, awarding claimant 35 per cent. permanent loss of the use of his right leg. Three days thereafter, upon motion of the Commission, it was ordered by the Commission that said award be vacated and that the testimony upon which the same was made be reviewed by the Commission. Following another hearing, had December 6, 1928, the Commission entered its order of March 11, 1929, being substantially the same as the first order, supra, and granting claimant compensation for permanent partial disability for 35 per cent. loss of use of his right leg.

Claimant later filed his motion to reopen the case on the ground of a change in condition for the worse since the former award and due to the original injury. After a hearing was had, the Commission entered its order of September 26, 1931, which order and award is made the subject of this proceeding for review.

The material part of said order and award is as follows:

"(3) That claimant has heretofore been awarded 35 per cent. partial permanent loss of the use of his right leg, or 61¼ weeks, amounting to $942.64, which compensation has been paid.

"(4) That claimant has had a change of condition since the award heretofore made in said cause and has sustained an additional 15 per cent. partial permanent loss of use of the right leg.

"Upon consideration of the foregoing facts: The Commission is of the opinion that the claimant is entitled to 15 per cent. additional partial permanent loss of the use of the right leg, or 26 weeks and 1½ days' compensation, at the rate of $15.39 per week, in the amount of $403.99.

"It is therefore ordered: That within 15 days from this date the respondent or insurance carrier pay to the claimant herein the sum of $107.73, or seven weeks' compensation, at $15.39 per week, computed from August 6, 1931, up to and including September 23, 1931, and to continue paying said compensation at $15.39 per week until 26 weeks and 1½ days have been paid, on account of 15 per cent. partial permanent loss of the use of claimant's right leg."

From the foregoing order, petitioners bring this proceeding here for review, and allege as error the sole proposition:

### Proposition 1.

"Where the Commission renders an award in a case and said award becomes final, the Commission does not have jurisdiction to reopen said cause and order further compensation without a showing that there has been a change of conditions since the former award."

This necessitates an examination of the evidence to see if a showing was made that there had been a change of condition since the award of March 11, 1929.

Dr. J. P. Sudderth testified to the effect that the wound had not healed and condition of the leg had grown worse and that the wound continued to discharge slivers of bone nearly three years after the first hearing, upon which the first award was predicated. His testimony is, in part, as follows:

"Q. Did you examine his leg when you saw him recently? A. Yes. Q. State the

condition you found it in? A. At the time I examined him I took a sliver of bone out, dead bone. Q. On two occasions? A. Yes. Q. Was the leg running at that time? A. Yes, at that time. Q. Do you know whether or not it has broken out from time to time since the injury? A. He says it has. Q. What are the prospects of the leg getting well—what would you say? A. I do not believe it will get well until it is cut down and caries of dead bone scraped off. Q. Is there some dead bone there? A. Yes. Q. And when the bone becomes lifeless it breaks off and comes out through the flesh, is that it? A. Yes. Q. In your opinion, has this grown worse instead of better in the last two years? A. In the way of slivers of bone it has grown worse. Q. I believe you said it would not grow any better? A. No, it will not."

The claimant also testified to the effect that his condition had grown worse since the hearing in December, 1928. We quote claimant's testimony as the same appears on pages 67 and 68 of the record filed herein:

"Q. Does it hurt you? A. Yes, at night, after walking on it. Q. When you are quiet does it hurt you? A. It hurts all the time, but when I am walking I do not notice it much. Q. But when you stop you are conscious of pain in your thigh? A. Yes, sir. Q. Where else did it hurt you? A Slit five inches across the back of my head. Q. Your right foreleg. I should like for the court to see it? A. (Shows the court) Bones work out of that place. Q. This place on the front part of your leg, a little to the left, shows a gash of about four inches long. Does that occasionally break out? A. Yes, sir. Q. How long has that been doing that? A. About, well, I have been out of the hospital—I do not know exactly how long, about two and a half years ago. Q. How late since you got bones out of it? A. Last week. Q. Was it broke out and running? A. Yes. About every month a sliver of bone works out. Q. You say you took some bone out about three weeks ago. When prior to that? A. About two or three weeks, about. Q. Do you have to keep it wrapped? A. No. I just let it go when it hurts too bad. I just have my wife pick the bones out. Q. That has been continuous for about two and a half years? A. Yes, sir. Q. Has your leg grown progressively worse? A. Yes, it is getting weaker. When standing on it, it gets worse. Q. Can you stand on your leg and work all day? A. I have to stand on it when I have work to do, but at night I do not sleep. Q. Does it pain while standing on it? A. Yes, sir."

We observe from the foregoing testimony that the Commission had before it abundant evidence to show that the condition of the claimant's leg had grown worse since the former award of March 11, 1929.

After carefully considering the entire testimony, we think the fourth finding of the Commission, supra, having to do with claimant's change in condition, is reasonably supported by competent evidence.

In the case of Skelly Oil Co. et al. v. Barker et al., 132 Okla. 279, 270 P. 566, this court said:

"Under section 7296, C. O. S. 1921, the Industrial Commission is authorized on its own motion or upon application of an injured employee to reopen the case and make an additional award upon a changed condition of an employee or claimant, and, where said award is made upon a changed condition and there is any competent evidence reasonably tending to support the same, it will not be disturbed upon review by this court."

In view of the compelling testimony quoted and the authority cited, we are of the opinion, and hold, that the award of the State Industrial Commission should be affirmed.

RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.

Note.—See under (1), annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 823, 827, 828.