## MACKEY & MANDEVILLE et al. v. RANDALL et al.

No. 23075. Opinion Filed May 31, 1932.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Erman S. Price, for respondent Randall.

CULLISON, J. This is an original proceeding in the Supreme Court to review an award of the State Industrial Commission rendered on October 22, 1931, in favor of D. L. Randall, claimant herein. The record discloses that Randall was in the employ of Mackey & Mandeville, and while so employed on November 12, 1924, claimant received an accidental injury to his left foot.

A hearing was had in said cause and award made thereon on the 10th day of March, 1925, awarding compensation from November 17, 1924, to March 10, 1925, and to continue until the termination of disability or until otherwise ordered by the Commission. Thereafter, on March 23, 1926,

a second award was made by the Commission in said cause wherein claimant was awarded temporary total disability to September 14, 1925, which said award contained the following order:

"It is therefore ordered: That within ten days from this date respondent or insurance carrier pay to the claimant any compensation that may be due for the period beginning November 17, 1924, and ending September 14, 1925, in full and final settlement under this award."

Said award was never appealed from and became final. On March 4, 1931, claimant, through his attorney, filed with the Commission a motion for a hearing to determine extent of permanent disability of claimant. A hearing was had under said motion and the Commission made an award on October 22, 1931, finding that claimant had a permanent disability to his left foot and awarded compensation for said permanent partial disability.

In the trial of said cause before the Commission, the record discloses that there had been a change in the condition of claimant from his condition at the time of the last award rendered herein on March 23, 1926; that there was a change in condition and that claimant's foot showed a greater degree of disability than at the time of the former award. The Commission so found and ordered additional compensation to claimant for the 40 per cent. permanent partial disability to his left foot.

There is competent testimony in the record reasonably tending to support the findings of the Commission. This court has held repeatedly that where there is competent evidence reasonably tending to support the findings of the Commission, the same will not be disturbed on appeal.

In compliance with said holdings of this court, which are too numerous to need citation, we hold that the petition to vacate the award should be denied; the award is hereby affirmed.

RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent.

Note.—See under (1), annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 823, 828, 829; R. C. L. Perm. Supp. pp. 6247, 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116.