## SOUTHERN DRILLING CO. et al. v. WALTERS et al.

No. 22521.   Opinion Filed Sept. 6, 1932.

Rehearing Denied Nov. 1, 1932.

Owen & Looney, Paul Lindsey, and J. Fred Swanson, for petitioners.

Fred M. Hammer and M. J. Parmenter, for respondent.

McNEILL, J.   This is an original action to review an order and award of the State Industrial Commission entered on May 29, 1931, pursuant to a motion filed by respond-

ent on February 28, 1931, seeking further compensation on the ground of change of condition. The Commission found that respondent was temporarily totally disabled from the date he filed said motion to the date of the award entered on May 29, 1931, and that the Commission was unable to determine at that time the extent of his disability.

Petitioners contend that the evidence does not show a change of condition. There is evidence in the record to show a change of condition.

Petitioners also urge that the Commission failed to make sufficient findings of fact to show that it had jurisdiction to make the order and award of May 29, 1931, and that there was no finding of a change of condition to entitle the Commission to reopen the case and award further temporary total disability subsequent to the original award of January 6, 1931. The Commission specifically found on May 29, 1931, that respondent was temporarily totally disabled from the date of filing of his motion on February 28, 1931, to the time of making said order and award on May 29, 1931. The Commission had no jurisdiction to make an order and award for further compensation except on the ground of change of condition due to the original injury occurring subsequent to the award of January 6, 1931. The fact of whether or not there was a change in condition was at issue before the Commission. There is competent evidence to sustain such an award. Such award, if based upon competent evidence, is conclusive upon all matters of fact properly in dispute before the Commission. See Schneider's Workmen's Compensation (2d Ed.) vol. 2, p. 1999. The Commission found that respondent was entitled to the award in question "and such finding is a general finding of fact and is a finding of every special thing necessary to be found to sustain a general finding and is conclusive upon this court upon all doubtful and disputed questions of fact. Indian Territory Illuminating Oil Co. v. Crow, 147 Okla. 229, 296 P. 451." Stanolind (formerly Sinclair) Pipe Line Co. v. Hassell. 154 Okla. 60, 6 P. (2d) 696.

Award affirmed.

RILEY, HEFNER, CULLISON, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and SWINDALL, J., absent.