## PATTERSON STEEL CO. et al. v. TURNHAM et al.

No. 23380. Opinion Filed Oct. 11, 1932.

Rehearing Denied Nov. 1, 1932.

J. Fred Swanson and N. A. Gibson, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

CLARK, V. C. J. This is an original action filed in this court by petitioners, Patterson Steel Company and insurance carrier, to review an award of the State Industrial Commission made and entered on the 2nd day of February, 1932, in favor of respondent E. M. Turnham, wherein the Industrial Commission found that respondent was, on the 22nd day of May, 1928, in the employment of Patterson Steel Company, and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law. That on the 22nd day of May, 1928, claimant (respondent herein) sustained an accidental injury to his lower left leg, when both bones were fractured. That on the 1st day of December, 1928, settlement was had on form 7 for temporary total disability, and on July 23, 1929, form 14, being agreement as to the facts, was filed for 35 per cent. permanent partial loss of use of left foot, and approved by the Commission on July 27, 1929; that, on October 2, 1931, claimant (respondent herein) filed motion alleging change of condition; that claimant (respondent herein) has suffered a change of condition; that he now has 55 per cent. permanent partial disability to said foot due to said injury; that the average daily wage of claimant at the time of said injury was $4.50; that claimant is entitled to compensation for 30 weeks at the rate of $17.11 per week for the difference in 35 per cent. and 55 per cent. permanent partial disability to said foot by reason of said injury, and sustained the motion of claimant to reopen cause and award further compensation, and ordered payment thereof.

Petitioners contend that there is no evidence to support the Commission's finding of a change in condition.

The claimant (respondent herein) testified with reference to change of condition in substance as follows:

That since July 27, 1929, the date of the approval of the settlement, he has gradually gotten worse. At that time he was able to stand on his foot and it gave good satisfaction; that at that time he was able to stand on his foot practically all the time, and that now he cannot stand on his foot more than one hour out of nine without favoring it. That the change with reference to pain is that it aches and pains at night from the knee down and in the ankle and part of his foot.

Claimant further testified that he had received no injury except the one mentioned.

Dr. D. W. Dickson testified in behalf of claimant (respondent herein) that he examined his left leg on January 11, 1932, which was complete with X-ray pictures which he had made, and found a healed fracture of both bones in the left leg, three or four inches above the ankle, which had healed irregularly. That there was a great deal excess bone tissue showing an arthritis. That every available space around the bones is filled with new bone tissue in the course of development. That a new bony proliferation has developed in the last year. The structure of the bone would be the same, but thickened from this bone development, which would increase the disability. That the age of the arthritis is from six months to two years and is in a state of development. That the leg and foot is no better than a stump and is worse than if it was cut off. That he has a 75 per cent. permanent disability to the lower end of the leg and foot.

Two doctors testified for petitioners herein that claimant did not have more than 35 per cent. disability, being the amount allowed by the Industrial Commission on the previous hearing.

In the case of Skelly Oil Co. v. Barker, 132 Okla. 279, 270 P. 566, in the first paragraph of the syllabus, this court said:

"Under section 7296, C. O. S. 1921, the

Industrial Commission is authorized, on its own motion or upon application of an injured employee, to reopen the case and make an additional award upon a changed condition of an employee or claimant, and where said award is made upon a changed condition and there is any competent evidence reasonably tending to support the same, it will not be disturbed upon review by this court."

Where questions of fact are before the Industrial Commission for a decision, the same is binding on this court, if there is any competent evidence reasonably tending to support the same.

We must therefore conclude that, under the evidence adduced in this case, there is competent evidence supporting the award of the Industrial Commission upon a changed condition of respondent herein.

The award is affirmed.

HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and RILEY, J., absent.