## MANHATTAN CONSTRUCTION CO. et al. v. TOTTRESS et al.

No. 23427. Opinion Filed Dec. 20, 1932.

J. Fred Swanson and N. A. Gibson, for petitioners.

Robert W. Richards, for respondents.

HEFNER, J. This is an original proceeding in this court by the Manhattan Construction Company and United States Fidelity & Guaranty Company to review an order of the Industrial Commission awarding compensation to Clarence Tottress.

The Commission awarded claimant compensation for temporary total disability at the rate of $15.39 per week from June 24, 1931. On April 27, 1932, subsequent to the filing of this petition, claimant died, and his wife, Ora Tottress, was substituted as party claimant. At the time of his death, there was due him, under the award, the sum of $667.70. In the event the order is affirmed, Ora Tottress will be entitled to recover that amount, under the rule announced by this court in the case of Western Ind. Co. v. State Ind. Com., 96 Okla. 100, 219 P. 147, which is as follows:

"Where an award has been made by the Industrial Commission under the Workmen's Compensation Act, and proceedings are commenced in this court to reverse said award, and pending such appeal the claimant dies, if there is any amount due under the award at the date of the death of the deceased, this court will retain jurisdiction and permit the cause to be revived and pass upon the errors complained of to reverse said award."

Petitioners first contend that the award should be vacated for the reason that claimant failed to give written notice of his injury, as required by section 7292, C. O. S. 1921. The evidence shows that, on June 24, 1931, claimant sustained his injury by falling from an elevated platform while in the act of delivering concrete to a mixer. He suffered an injury to his back and shoulder, and shortly thereafter his lungs became affected. Claimant testified that immediately after he received the injury, he notified the foreman on the job, and demanded medical attention; that no medical attention was furnished by his employer at that time, and several weeks later he again notified them of the injury and again demanded medical attention. The evidence further shows that,

thereafter, on July 17, 1931, at the request of a representative of the employer, claimant was examined and treated by Dr. J. O. Lowe, insurance carrier's physician. This evidence is sufficient to establish the fact that the employer had actual knowledge of the injury. Having such knowledge, the burden of procedure shifted to it or its insurance carrier to show prejudice because of the failure of claimant to give written notice. They failed to meet this burden. The claim is, therefore, not barred for failure to give the written notice required by statute. Graver Corp. v. State Ind. Com., 114 Okla. 140, 244 P. 438; O. G. & E. Co. v. Thomas, 115 Okla. 67, 241 P. 820; Prairie Oil & Gas Co. v. Melton, 153 Okla. 114, 3 P. (2d) 229; Hailey-Ola Coal Co. v. State Industrial Com., 152 Okla. 97, 3 P. (2d) 688.

Petitioners further urge that there is no evidence to show that claimant's condition resulted from the injury received. Claimant testified that, as a result of the fall, he received an injury to his shoulder and back, and shortly thereafter his lungs became affected; that his lungs had not been affected prior thereto. Dr. Wakefield testified that shortly after the injury he examined the claimant and noticed an injury to his shoulder and back; that his lungs were also affected. He further testified that in his opinion the condition of claimant's lungs was due to the injury; that, while his lungs may have been somewhat affected prior to the injury, such condition was aggravated and excited by the injury; and, in his opinion, except for the injury received by claimant, he would still be able to perform manual labor.

Even though claimant's lungs were affected prior to the injury, if such injury aggravated or excited his condition, he would be entitled to compensation. See Christian v. Hanna, 144 Okla. 89, 289 P. 708, where the following rule is announced:

"Where an employee, engaged in a hazardous occupation within the provisions of the Workmen's Compensation Act, has a latent or dormant infectious disease, unknown to him, and receives an accidental injury which aggravates or excites the latent or dormant disease to virulency or activity, the injury, including the effects of infection, is compensable under said act."

See, also, Superior Smokeless Coal & Min. Co. v. Shamblin, 148 Okla. 193, 298 P. 247; Lee Drilling Co. v. Ralph, 156 Okla. 140, 9 P. (2d) 954.

Petitioners offered expert testimony to the

effect that claimant's condition was not due to the injury. The testimony of Dr. Wakefield, under the rule announced in the above-cited cases, is sufficient to sustain the award.

Petition to vacate is denied.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.

Note.—See under (1) R. C. L. Perm. Supp. p. 6214. (2) annotation in L. R. A. 1916A. 86; L. R. A. 1917D, 135; L. R. A. 1918E. 562; 78 A. L. R. 1232; 28 R. C. L. 825, 826; R. C. L. Perm. Supp. p. 6250; R. C. L. Pocket Part, title "Workmen's Compensation," § 113. (3) annotation in L. R. A. 1918F, 869; 19 A. L. R. 96; 28 A. L. R. 204; 60 A. L. R. 1299; 28 R. C. L. 816, 817; R. C. L. Perm. Supp. pp. 6240, 6241; R. C. L. Pocket Part, title "Workmen's Compensation," § 102.