## MAGNOLIA PETROLEUM CO. v. PHILLIPS et al.

No. 23333. Opinion Filed Feb. 28, 1933.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

Morrison, Morrison & Morrison, J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

BAYLESS, J. John E. Phillips, an employee of the Magnolia Petroleum Company, a corporation, sustained an accidental injury in the course of a hazardous employment. This injury is described as, "comminuted fracture of nasal bone fracture of outer plate of frontal sinus." The injured employee was given treatment and later a plastic operation was performed to restore the face to its shape. He was paid all of the temporary total disability accruing at that time, and at a hearing held October 4, 1929, was made an allowance of $500 for disfigurement. At this hearing he stated to the court that no claim was being made at that time for any permanent disability.

On June 15, 1931, he filed a pleading with the Commission stating: (1) That the hearing had October 4, 1929, was for the purpose of determining the extent of disfigurement only, and was not for the purpose of determining the extent of his permanent disability; (2) but if he is wrong in his opinion as to the purpose of the hearing of October 4th, then he sets up a state of facts alleged to constitute a change of condition, and asks that the Commission hear the matter and make an award proper under the circumstances.

Several hearings were had on this application, and it is difficult for this court to determine upon which alternative presented the matter was actually heard.

An order was made January 2, 1932, containing the findings of the Commission, a part of which are as follows:

"3. That by reason of said accidental injury, the claimant was temporarily totally disabled from the performance of his ordinary manual labor from the date of the accident, and still is disabled from performing manual labor."

"6. That as a result of said accidental injury the claimant's average wage-earning capacity has decreased by reason of a change in his condition from June 15, 1931, in the same employment or otherwise, from $4.68 a day to $2.68 per day."

The petitioner contends that these findings are inconsistent. The respondent in his brief refuses to admit the inconsistency, but does admit that the findings probably are ambiguous.

We are of the opinion that the finding contained in paragraph 3 is inconsistent with the finding contained in paragraph 6. This court, in Sinclair Oil & Gas Co. v. Campbell, 155 Okla. 280, 8 P. (2d) 1102, held:

"Where the State Industrial Commission makes inconsistent findings of fact on the material issues in the case, upon petition to review in this court, the award of the Industrial Commission will be vacated and

the cause remanded, with instructions to the Commission to make consistent findings of fact and refuse or award compensation accordingly."

Under the authority above quoted, the award is vacated and the cause remanded to to the State Industrial Commission, with instructions to the Commission to make consistent findings of fact and to refuse or award compensation accordingly.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, and BUSBY, JJ., concur. ANDREWS, McNEILL, and WELCH, JJ., absent.