**SINCLAIR PRAIRIE OIL CO. et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 26414. Jan. 14, 1936.

Rehearing Denied Feb. 18, 1936.

Edward H. Chandler, C. L. Canfield, Summers Hardy, and W. B. McCauley, for petitioner.

Leo J. Williams, M. J. Parmenter, and the Attorney General, for respondents.

PER CURIAM. This is an original proceeding in this court by the petitioner, Sinclair Prairie Oil Company, seeking the review and vacation of an award made by the State Industrial Commission in favor of the respondent Andrew R. York.

The uncontroverted facts are that the respondent Andrew R. York, while in the employ of the petitioner, sustained an accidental injury on September 13, 1929, by oil and grease poisoning which manifested itself in the form of acute eczema on both of his hands; that he was paid the sum of $186 for temporary total disability on account of such injury for a period ending December 10, 1929; that the injury caused what was termed an allergic or susceptible condition whereby his hands were thereafter permanently sensitive to oil or grease; that on October 9, 1931, the petitioner and respondent filed a form No. 14, stipulation and agreement, with the Industrial Commission, wherein it was agreed that respondent had sustained a 20 per cent. permanent partial disability on account of his injury, which agreement and stipulation was approved by the Commission, and pursuant thereto the respondent was paid the sum of $1,800, as a lump sum settlement on account of said permanent partial disability, which payment was in addition to the $186 previously paid on account of total temporary disability; respondent left the service of the petitioner and worked at various employments for sev-

eral years, and that on or about the 25th day of March, 1935, the respondent while working for a Mr. Slife on a farm in Kansas had occasion to repair an automobile and in doing so placed his hands in oil and grease for sufficient time to thoroughly saturate them therewith, and as an immediate result thereof had another acute attack of eczema on both of his hands, whereby he was again disabled for the performance of any work.

On April 9, 1935, the respondent filed with the State Industrial Commission his application to reopen his case upon the ground of a change of condition. This application was granted and after a hearing thereon on the 13th day of May, 1935, the Commission entered the order and award concerning which the petitioner now complains. The pertinent provisions of said order and award are as follows:

"1. That the claimant herein on September 13, 1929, was in the employment of this respondent and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law;

"2. Arising out of and in the course of his said employment claimant did, on the 13th day of September, 1929, sustain an accidental personal injury to both his hands, and as a result thereof was heretofore paid 10 weeks and 2 days compensation at the rate of $18 per week, in the amount of $186, as evidenced by form 7, filed herein on January 8, 1930, in addition to the sum of $1,800, paid to claimant in a lump sum under the terms of a form 14 agreed settlement filed on October 9, 1931, and receipt showing compliance therewith, filed herein on October 30, 1931, said sum paid claimant for 20 per cent. permanent loss of use of both hands;

"3. The Commission further finds: That claimant has sustained a change in said condition as evidenced by the medical testimony adduced herein, in that he has been temporarily and totally disabled from the performance of ordinary manual labor and in need of further medical care as a direct result of said accidental injury of September 13, 1929, since April 10, 1935."

It will be observed that the Commission finds that the respondent has sustained a change in condition on account of the temporary total disability as a direct result of the accidental injury of September 13, 1929.

The petitioner assigns seven specifications of error and discusses them under four propositions, which may be summarized as follows: (a) That the claimant's condition was the direct and proximate result of his own act on March 25, 1935; (b) that the respondent failed to show a change of condition for the worse; (c) that under the Workmen's Compensation Act there can be but one period of temporary total disability; (d) that the claim of the respondent was barred by the provisions of section 4, ch. 29, S. L. 1933.

Under the view that we take of the record in this case, it will be necessary to consider only the first proposition advanced. The rights and liabilities of the respective parties are purely statutory. Under subdivision 2, section 13356, O. S. 1931, the State Industrial Commission is authorized to award compensation for temporary total disability for a period not to exceed 300 weeks, and under subdivision 3 of said section is authorized to make an additional award as compensation for permanent partial disability. Smith & McDannald v. State Industrial Commission, 133 Okla. 77, 271 P. 142; Thompson v. State Industrial Commission, 138 Okla. 166, 280 P. 597; Magnolia Pet. Co. v. Allred, 160 Okla. 126, 16 P. (2d) 78.

In the case now under consideration we find that, pursuant to the applicable provisions of the statute, payment of compensation for temporary total disability and permanent partial disability was authorized by the commission and was paid to the respondent. The Workmen's Compensation Act, however, recognizes the fact that conditions may arise whereby award previously made by the commission may be unjust or inadequate, and therefore by provisions of section 13362, O. S. 1931, the Industrial Commission is authorized to review its award and make such changes therein as the facts may warrant within the limitations provided by the act. Skelly Oil Co. v. Barker, 132 Okla. 279, 270 P. 566; Oklahoma Ry. Co. v. Crabtree, 154 Okla. 196, 7 P. (2d) 477; Oak v. Barr; 156 Okla. 223, 10 P. (2d) 405; Kano Oil Co. v. Robertson, 157 Okla. 192, 11 P. (2d) 759; Mackey & Mandeville v. Randall, 157 Okla. 272, 12 P. (2d) 176; Patterson Steel Co. v. Turnham, 160 Okla. 98, 15 P. (2d) 571; Coline Oil Corp. v. Clark, 161 Okla. 195, 17 P. (2d) 372. And this court has held that where an employee has been awarded compensation under the provisions of the Workmen's Compensation Act and has suffered an aggravation or recurrence of injury through inadvertence or accident under such circumstances as to make the original injury the responsible cause, further compensation may be awarded properly.

Deep Rock Oil Corp. v. Betchan, 169 Okla. 42, 35 P. (2d) 905; Tippett & Bond v. Moore, 167 Okla. 636, 31 P. (2d) 583; N. Y. Indemnity Co. v. Miller, 163 Okla. 283, 22 P. (2d) 107.

However, this is not the situation that was presented to the commission and which is now presented to us. The respondent does not deny that the direct cause of his present disability and alleged change in condition was the exposure to the oil and grease on March 25, 1935, and the medical testimony of both the respondent and petitioner positively establishes the fact that this was the direct cause of respondent's present disability. It is admitted by the respondent that he has suffered no change in the permanent partial disability which he sustained, and the only physical change in his condition as shown by all the evidence was the acute attack which he suffered after his exposure on March 25, 1935. As we have previously observed, the record discloses that the respondent was paid for temporary total disability and for a 20 per cent. permanent partial disability; that this award for permanent partial disability was on account of allergic or susceptible condition caused by his original injury. The record further discloses that the respondent was aware of this condition at the time he exposed himself to oil and grease on March 25, 1935, and that such exposure was not accidental or inadvertent, but was the result of a deliberate act on the part of the respondent and with full knowledge of the probable consequences. To say that under these circumstances the commission is authorized under the law to charge the result back to the original injury and to award the respondent further compensation therefor, is in effect to say that a man may profit by his own wrong. That this is not permissible is so fundamental as to require no citation of authorities in support thereof. Since the respondent had sustained a permanent partial disability as the result of his sensitivity to oil and grease exposure, it was incumbent upon him to refrain from any conscious or deliberate act which would probably result in recurrence of his former disability; and since the evidence clearly discloses that the respondent did not take any precautions for his own safety, but with full knowledge of his condition and in disregard of his own safety deliberately invited the very thing that happened, we are of the opinion that the present injury was the direct and proximate result of the respondent's own act, and that, therefore,

there was no competent evidence before the commission upon which to base its finding in making the instant award. As we have said in Superior Oil Co. v. Swimmer, 156 Okla. 71, 9 P. (2d) 707:

"Findings of fact made by the State Industrial Commission are conclusive where there is any evidence to support the same, but where there is an entire absence of evidence on which to base the material finding necessary to support an award of compensation, this court must declare as a matter of law that an award based on such unsupported material finding is unauthorized."

The respondent was paid compensation for temporary total disability and for permanent partial disability which he sustained. His present disability is the result of his own act, and a finding to the contrary is unsupported by the evidence and is against the evidence. Since the finding and order of the State Industrial Commission was without competent evidence reasonably tending to support it, said award will be vacated by this court as a matter of law.

Award vacated.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.