**GRANER CONSTRUCTION CO. et al. v. BRANDT et al.**

No. 26326. March 9, 1937.

Rehearing Denied June 8, 1937.

Clayton B. Pierce and Truman B. Rucker, for petitioners.

Mac Q. Williamson, Atty. Gen., and H. W. Reeves, Asst. Atty. Gen., for respondents.

OSBORN, C. J. This is an original action to review an award of the State Industrial Commission entered in favor of Ben Brandt, hereinafter referred to as claimant, against the Graner Construction Company, hereinafter referred to as respondent.

On March 25, 1930, the claimant while employed by respondent received an accidental personal injury resulting in disability to his left hand. Claimant was paid for temporary total disability for 25 weeks. On September 23, 1930, a settlement was entered on the commission's form 14 for 28 per cent. permanent partial loss of the use of the left hand, being 56 weeks. On November 13, 1934, the claimant filed a motion to reopen and award compensation. A hearing was had, and on April 3, 1935, the commission made its findings and entered its award as follows:

"The commission is of the opinion that claimant's motion to reopen his cause and award further compensation should be sustained.

"The commission is of the further opinion: That claimant is entitled to 100 weeks' compensation at the rate of $15.39 per week, being the sum of $1,539.00, less the sum of $861.84, or 56 weeks' compensation, heretofore paid for 28 per cent. permanent partial disability to his left hand on account of said injury, there being due and payable at this time the sum of $677.16 or 44 weeks' compensation at the rate of $15.39 per week, for an additional 22 per cent. permanent partial disability to the left hand due to the said injury."

An award was entered based upon the above findings, which award is now before this court for review.

Respondent's first proposition is as follows:

"There was no allegation of a 'change of condition'; there was no proof of a change in condition; there was no finding of a change of condition by the Industrial Commission, and such proof and finding is jurisdictional."

In the case of Prairie Oil & Gas Co. v. King, 109 Okla. 213, 235 P. 522, it was held:

"Under section 7296, Comp. St. 1921 (13362, O. S. 1931), the jurisdiction of the State Industrial Commission to review its award is not dependent upon the form or substance of the application for such review, since, by statute, it may review its awards on its own motion."

See, also, Shawnee Morning News v. Thomas, 125 Okla. 155, 256 P. 937.

In the case of Southern Drilling Co. v. Walters, 160 Okla. 60, 15 P. (2d) 566, it was said:

"The commission had no jurisdiction to

make an order and award for further compensation except on the ground of change of condition due to the original injury occurring subsequent to the award of January 6, 1931. The fact of whether or not there was a change in condition was at issue before the commission. There is competent evidence to sustain such an award. Such award, if based upon competent evidence, is conclusive upon all matters of fact properly in dispute before the commission. See Schneider's Workmen's Compensation (2d Ed.) vol. 2, p. 1999. The commission found that respondent was entitled to the award in question 'and such finding is a general finding of fact and is a finding of every special thing necessary to be found to sustain a general finding and is conclusive upon this court upon all doubtful and disputed questions of fact. Indian Territory Illuminating Oil Co. v. Crow, 147 Okla. 229, 296 P. 451.' Stanolind (formerly Sinclair) Pipe Line Co. v. Hassell, 154 Okla. 60, 6 P. (2d) 696."

In the case of Kano Oil Co. et al. v. Robertson, 157 Okla. 192, 11 P. (2d) 759, it was held:

'Under section 7296, C. O. S. 1921 (13362, O. S. 1931), the Industrial Commission is authorized on its own motion or upon application of an injured emp'oyee to reopen the case and make an additional award upon a changed condition of an employee or claimant, and where said award is made upon a changed condition and there is any competent evidence reasonably tending to support the same, it will not be disturbed upon review by this court.' " Skelly Oil Co. et al. v. Barker et al., 132 Okla. 279, 270 P. 566.

See, also, Oklahoma Railway Co. v. Crabtree, 154 Okla. 196, 7 P. (2d) 477.

The following appears in the testimony of the claimant:

"Q. What is the condition of your hand now as compared with the condition at the time the settlement was made?

"A. It is worse—gradually worse."

One Dr. Dean Spees testified in behalf of the claimant that an arthritic condition had set up in claimant's injured hand and on the date of the hearing claimant had a 65 per cent. loss of the use of the hand. The following stipulation appears in the record:

"Mr. Ross: It is stipulated and agreed by and between the parties that if Doctor Spees were recalled he would testify from the statement of claimant that his hand has become more stiff since the time of the injury; that the arthritic condition to which he testified is progressive."

In the case of Kansas Explorations, Inc., v. Wright, 173 Okla. 411, 49 P. (2d) 65, it was held:

"On a hearing upon the ground of a change in condition, a stipulation of facts as to an employee's condition theretofore entered into and filed with the commission may be considered as evidence of the facts so stipulated."

Since it appears that there is ample competent evidence to show a change in condition since the former settlement on September 23, 1930, respondent's first contention is without merit.

Respondent's second proposition is that the application to reopen is barred by the provisions of section 4, chapter 29, Session Laws 1933, which provides in part as follows:

"The jurisdiction of the commission to reopen any cause upon an application based upon a change of condition shall be extended for the maximum period of time, measured by the number of weeks for which compensation could have been awarded by the commission had the condition of the claimant existed at the time the original award was made thereon, and unless filed within said period of time, the same shall be forever barred."

· In the case of Magnolia Petroleum Co. v. Watkins, 177 Okla. 30, 57 P. (2d) 622, it was held:

"The State Industrial Commission is not divested of jurisdiction to reopen a cause upon an application based upon a change in condition by the latter paragraph of section 4, chapter 29, Session Laws 1933, said application having been filed subsequent to the date said act became effective, where it appears that the claimant had sustained a change in condition prior to the effective date of said enactment.

"In construing a statute of limitations, it must, so far as it affects rights of action in existence when the statute is passed, be held, in the absence of a contrary provision, to begin when the cause of action is first subjected to its operation."

It was held in that case that the period of limitation prescribed by section 4, supra, began on May 3, 1933, the effective date of the act. No contention is made in this case that the claimant's change of condition had entirely accrued subsequent to the effective date of the above act. The evidence indicates that at least a part of his present disability had accrued subsequent to the former settlement and prior to the effective date of the act. The rule announced in the case of Magnolia Petroleum Co. v. Watkins, supra, is applicable in this case. The application to reopen would not be barred until the expiration of 100 weeks from May 3, 1933. The application was filed within said

period of time and was not barred by the provisions of section 4, supra.

Claimant questions the constitutionality of section 4, supra, but we find no necessity for determining such issue in this case.

The award is sustained.

BAYLESS, V. C. J., and BUSBY, CORN, GIBSON, and HURST, JJ., concur. RILEY, WELCH, and PHELPS, JJ., absent.