## BILLINGTON LUMBER CO. et al. v. NEWPORT et al.

No. 27253.  June 29, 1937.

Pierce & Rucker and Fred M. Mock, for petitioners.

Don Wilbanks and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 22nd day of May, 1936, the State Industrial Commission entered an award in favor of E. J. Newport, and the Billington Lumber Company and the Maryland Casualty Company, petitioners here, seek to vacate this award. The parties will be referred to as petitioners and respondent.

The commission found from competent evidence that on the 26th day of February, 1935, respondent sustained an accidental injury arising out of and in the course of his employment, which consisted of a back injury, and ordered payment for 64 weeks and one day at the rate of $18 per week, computed from February 26, 1935, to May 25, 1936, less the five-day waiting period, a lump sum payment of $1,155, and that the payments be continued at the rate of $18 per week.

It is first urged that the parties to the action bound themselves by stipulation to submit solely the question of whether or not there was any permanent partial disability. When the stipulation dictated into the record is read in the light of the amendment suggested by the petitioners, such a construction as to limitation is not proper. Petitioners have cited Mead & Phillips Drilling Co. v. Rush, 158 Okla. 265, 13 P. (2d) 78. An analysis of that case shows that the award was vacated because there was no competent evidence in the record sustaining the award.

The second proposition is that there is no competent evidence showing a temporary total disability. We find competent evidence in the record showing temporary total disability. Whether or not the disability is temporary or permanent is a question of fact to be determined by competent evidence. Skelly Oil Co. v. Rose, 176 Okla. 313, 55 P.

(2d) 1019; Southern Drilling Co. v. Daley, 166 Okla. 33, 25 P. (2d) 1082. An award which is sustained by competent evidence will not be disturbed. Indian Territory Illuminating Oil Co. v. Crow, 147 Okla. 229, 269 P. 451; Southern Drilling Co. v. Walter, 160 Okla. 60, 15 P. (2d) 566. Similar awards have been approved in the following cases: Lee Drilling Co. v. Ralph, 156 Okla. 140, 9 P. (2d) 954; Protho v. Nette, 173 Okla. 114, 46 P. (2d) 942; Christian v. Hanna, 144 Okla. 89, 289 P. 708; Manhattan Construction Co. v. Tottress, 161 Okla. 69, 17 P. (2d) 407.

We have said that such an injury is compensable, and that the testimony of skilled and professional men is competent to determine the same.

The award is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.