**PRAIRIE OIL & GAS CO. v. KING et al.**

No. 15137—Opinion Filed April 7, 1925.

**1.—Master and Servant—Workmen's Compensation Law—Jurisdiction of Commission to Review its Award—Form of Application.**

Under section 7296, Comp. St. 1921, the jurisdiction of the State Industrial Commission to review its awards is not dependent upon the form or substance of the application for such review, since, by statute, it may review its awards on its own motion.

**2. Same—Conclusions of Fact and Rulings of Law Essential to Review.**

Where the conclusions of fact and rulings of law of the Commission are too indefinite and uncertain for judicial interpretation, the Supreme Court on appeal from an award based thereon, cannot review the award or decision.

**3. Same—Duty to Procure Sufficient Findings for Review.**

It is the duty of a party before seeking review by this court of an award for compensation, by motion or petition, to request and procure from the Commission sufficient conclusions of fact and rulings of law to present errors complained of, in this court.

**4. Same—Disposition of Cause—Remand.**

Held, the record herein comes within the rules of syllabus paragraphs 2 and 3, supra, and the cause is remanded to the Commission to vacate its order and for further proceedings.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from State Industrial Commission.

From an award of the State Industrial Commission in favor of Joseph D. King, the Prairie Oil & Gas Company appeals. Reversed, with directions.

T. J. Flannelly, E. E. Hood, and J. I. Howard, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for defendants in error.

Opinion by ESTES, C. The Prairie Oil & Gas Company appeals from an award of the State Industrial Commission made on review of its own order, in favor of Joseph D. King.

1. It is urged as error that claimant's motion does not allege sufficient facts to invoke the jurisdiction of the Commission to review. Commissioner Myers, hearing the matter alone at Okmulgee, overruled the objection on that ground. Section 7296, Comp. St. 1921, provides:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the Commission may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any money already paid."

Under the very language of the statute, the jurisdiction of the Commission to review its awards is not dependent on the form or substance of the application. Since the Commission may make such review on its own motion, no pleading whatever is necessary on behalf of claimant, to invoke the jurisdiction of the Commission. As stated in Sun Coal Co. et al. v. State Industrial Commission et al., 84 Okla. 164, 203 Pac. 1042, this contention is wholly without merit, quoting section 7325, Id., providing for the continuing jurisdiction of the Commission over each case. The award cannot be set aside on this ground.

2. It is assigned that the evidence does not support the award for $501.90, plus $16.73 per week until termination of disability, or until otherwise ordered. Omitting formal parts, the following are the sole findings on which such award is based:

"That the claimant returned to work on June 1, 1923, as a pumper, which was lighter work than he was doing at the time of the injury; and that he continued working until May 27, 1923, at which time he was discharged; and that since May 27, 1923, he has worked 27 days; and that he has been refused work because of the injury; and that at no time since the injury has he fully recovered."

Said statute, supra, makes it the mandatory duty of the Commission in each case to make conclusions of fact and rulings of law thereon. Said order, quoted above, does not contain sufficient conclusions of fact or rulings of law to support any award. The Supreme Court is, by the statute, given original jurisdiction in cases appealed from the Commission. As held in McAlister Colliery Co. v. State Industrial Commission et al., 85 Okla. 66, 204 Pac. 630:

"The record upon which the cause must be determined in this court is a certified copy of the award, or decision of the Commission attached to the petition of the complainant, and the pleadings," etc.

It is also provided that it is the award or the decision that is to be reviewed. The

validity of the award must depend upon the correctness of the rulings of law made by the Commission. The correctness of such rulings of law, in turn, depends upon the conclusions of fact of the Commission. It thus appears that this court cannot review an award in a case where there are no conclusions of fact or rulings of law made by the Commission, or, as in the instant case, where such conclusions and rulings are too indefinite and uncertain for judicial interpretation. In such case, this court will remand the cause that the Commission may perform its function and duty in this behalf. In a long line of decisions, this court has held that the findings of the Commission on questions of fact will not be reviewed by this court where there is a quantum of evidence to support same. See Ohio Drilling Co. et al. v. State Industrial Commission et al., 86 Okla. 139, 207 Pac. 314, and numerous decisions both prior and subsequent. For this reason, it is essential that the Commission make its conclusions of fact in order that this court may consider whether the rulings of law by the Commission are supported by the facts and whether the award made comports with the facts so found and the rulings so made.

3. It is also held in the McAlester Case, supra, that if the facts found by the Commission are not in accord with the judgment of either party as to what such findings should be, or are not as full as desired, either party may, by motion or petition, request of the Commission a further and additional finding.

4. The rule for disposition of this appeal is stated in 4 C. J. 1117:

"To make or to Amend Findings, Conclusions, and Judgment. Where the record is in a state to justify such action, the appellate court may remand the cause to the end that full, proper, and consistent findings of fact be made, that the judgment may be amended or corrected, or that a written decision may be made and filed as required by statute."

Utah Ass'n of Credit Men v. Home Fire Ins. Co. of Utah (Utah) 102 Pac. 631.

Because the said findings are uncertain and insufficient, and because respondent did not request and procure sufficient findings to present the errors complained of, this cause should be remanded to the Commission. with directions to vacate the award made herein and for further proceedings not inconsistent herewith.

By the Court: It is so ordered.

Note.—See C. J.—Cyc. Workmen's Compensation Acts; under (1) p. 132 § 151 (1926 Anno) ; (2) p. 121 § 125 (1926 Anno). (1926 Anno) ; (3) p. 121 § 125 (1926 Anno). (4) 4 C. J. pp. 1117, 1118 § 3103; p. 125 § 131.