## CLARK v. HIGHWAY COMMISSION et al.

No. 20590. Opinion Filed Nov. 18, 1930.

Allen & Jarman, for petitioner.

Owen & Looney, J. Fred Swanson, and Paul N. Lindsey, for respondents.

RILEY, J. On July 3, 1929, the State Industrial Commission entered an order denying compensation claimed by Virgil Clark, petitioner in this action. The vital and material part of that order follows:

"The State Industrial Commission * * * is of the opinion that the alleged injury of May 9, 1927, did not arise out of and in the course of claimant's employment with the respondent within the meaning of the Workmen's Compensation Law. It is, therefore, ordered: That the claim of Virgil Clark for compensation for an alleged injury sustained on May 9, 1929, be and the same is hereby denied and this cause dismissed."

The claimant below sought to have the said order made more definite and certain, but the Commission declined to so act.

The evidence recited by petitioner without counter statement by respondent shows that the State Highway Commission, in 1927, was engaged in constructing Highway No. 10, in Cherokee county. Project 184 was located near Tahlequah and included the building of a concrete culvert. The state during that time carried compensation insurance for its employees with the United States Fidelity & Guaranty Company. H. A. Schmeiding was the engineer in charge and was authorized to contract for labor, materials, and machinery in prosecuting the work. Schmeiding entered into an oral contract with Virgil Clark for the use of a concrete mixing machine. Clark proposed either to rent his machine at $6 per day or to give his own services in connection therewith for $25 per day. The first proposition was accepted and the machine was used, and on May 2, 1927, Virgil Clark began operating the machine. Clark testifies he was employed by Schmeiding. Schmeiding denies that. However, we turn to the order and find that the alleged injury did not arise out of and in the course of **claimant's employment with respondent.** The underscored words would indicate an employment with respondent.

On May 8, 1927, the same being Sunday, Clark was engaged in making repairs on the boiler and engine of the concrete mixer, preparatory to its use on the following day in said work. While so engaged he slipped and fell from the top of the boiler, striking and injuring his left leg just above the knee. Medical attention was immediately procured and he continued under the care of physicians for a period of eight months. An X-ray examination disclosed tremor of the bone and amputation of the leg resulted. It is to be noted that the order of the Commission dealt with an alleged injury of May 9, 1927, whereas there was no claim or evidence as to an accident of that date. We assume that the intention was to deal with the alleged injury of May 8, 1927.

The petitioner complains that the order is uncertain and ambiguous in its language and that it cannot be determined therefrom whether it is a conclusion of fact within the statute or a ruling of law.

Section 7, ch. 61, S. L. 1923, requires that in making or denying compensation the Commission shall file therewith "the statement of its conclusions of fact and rulings of law."

In Prairie Oil & Gas Co. v. King, 109 Okla. 213, 235 Pac. 522, it was held that the statute (sec. 7296, C. O. S. 1921) makes it the mandatory duty of the Commission in each case to make conclusions of fact and rulings of law thereon.

If the order be considered a conclusion of fact, it deals with claimant's employment with the respondent. That employment was inferred by the order. It further deals with the fact as to whether the injury arose out of and in the course of such employment. The Commission found that it did not. The petitioner contends there is no evidence to support that finding. The presumption by statute, section 7295, is that the claim comes within the provisions of the act, which presumption below must be indulged in the absence of substantial evidence to the contrary. We have reviewed the evidence in connection with the order upon this point, and we are in doubt as to whether the order of the Commission finds directly upon any question of fact above enumerated. If the order be a conclusion of law, it is based upon the theory that the claimant was an independent contractor and not an employee. The petitioner contends such a conclusion of law is erroneous under the facts disclosed by the record. For the contention is that Schmeiding, under the lease or rental contract, exercised complete control over the concrete mixer under agreement to return the machine in as good repair as when he secured and first operated it, and that when the same broke down the petitioner was employed to repair it and was so engaged in that employment at the time of the accident.

If the order be one determining the relation of the petitioner and contractor, under the evidence adduced, the question is one of law.

Fox v. Dunning, 124 Okla. 228, 255 Pac. 582:

"Where the contract is oral and there is no material dispute as to its terms and but one inference can be drawn from the evidence, then the question of whether the relation is that of employer and independent contractor, or that of master and servant, is for the court."

By reason of the indefiniteness and uncertainty of the language used, we are unable to determine whether the order was intended as a conclusion of fact or a ruling of law.

The petitioner sought an amendment of the order to show with more particularity the judgment below.

We are inclined to the view that the Commission should have determined more particularly the questions involved.

This court has frequently held that where the findings or conclusion of the Commission is not full and clear, it is the duty of the aggrieved party to apply to the Commission by petition or motion for amendment to remove the obscurity or ambiguity before presenting complaint to this court. McAlester Colliery Co. v. State Indus. Comm., 85 Okla. 66, 204 Pac. 630; Prairie Oil & Gas Co. v. King, 109 Okla. 213, 235 Pac. 522.

This, petitioner has done; a correlative duty then arises on the part of the Commission to grant such request where reasonable and made in good faith.

In the last above cited case, this court held:

"Where such conclusions and rulings are too indefinite and uncertain for judicial interpretation, * * * this court will remand the cause that the Commission may perform its function and duty in this behalf."

Cause remanded, with directions to proceed in conformity with the views herein expressed.

MASON, C. J., LESTER, V. C. J., and CLARK, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

HUNT, J., absent.