## STATE HIGHWAY COMMISSION et al. v. CLARK et al.

No. 22606. Opinion Filed Feb. 2, 1932.

Withdrawn, Corrected, Refiled, and Rehearing Denied March 29, 1932.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Allen & Jarman, W. H. Kisner, and R. D. Crowe, Asst. Atty. Gen., for respondents.

HEFNER, J. This is an original proceeding in this court by the State Highway Commission and the United States Fidelity & Guaranty Company to review an award of the Industrial Commission in favor of Virgil Clark. It appears that on May 9, 1927, claimant, while engaged in the employ of the State Highway Commission, received an injury to his right leg which necessitated amputation. A hearing was had before the Industrial Commission on July 3, 1929, which resulted in an order and judgment denying claimant compensation. This

order was neither reversed nor affirmed by the Supreme Court but the cause was remanded to the Commission, with directions to proceed in conformity with the views expressed in the opinion. Upon remand, the Commission heard the case on its merits, and, at the conclusion of the hearing, found generally in favor of claimant and awarded him compensation in the sum of $1,530 because of his temporary total disability; 175 weeks at $18 per week, because of the permanent loss of his right leg, of which amount $2,319 was then due; and $917.80 for medical and hospital bills incurred in connection with his injury.

Petitioners do not, on appeal, challenge the sufficiency of the evidence to sustain the award, but contend that the Industrial Commission had no authority or jurisdiction, under the mandate of this court, to retry the case. It appears that the former order of the Commission was remanded because of an ambiguity in its findings of fact and conclusion of law. Clark v. Highway Commission, 146 Okla. 38, 293 P. 260. In the syllabus it is said:

"Where the record is in a state to justify such action, the Supreme Court will, on review of an order of the State Industrial Commission allowing or denying an award, remand the cause to the end that full, proper, and consistent findings of fact be made and that the order be amended or corrected to fully state conclusions of law as required by statute."

The mandate provides:

"Now, therefore, you are hereby commanded to cause such reversal to show of record in your court and to issue such process and to take such other and further action as may be in accord with right and justice and said opinion."

We think, under the opinion and mandate, the Industrial Commission was authorized to retry the case and to take additional evidence. It was directed to make proper findings of fact and fully state its conclusions of law as required by statute. If it were necessary for the Commission to review the entire case and take additional evidence for the purpose of complying with the opinion of the court, it was proper for it to do so. It was not possible for the Commission to make full and complete findings of fact without retrying the case, and it committed no error in doing so.

It is urged by petitioners that the Commission erred in allowing claimant's hospital and medical bills for the reason that he at no time requested his employer or its insurance carrier to furnish him such attention. This question does not appear to have been raised before the Industrial Commission. No objection was there raised to the allowance on this ground, and, since it was not raised there, we do not think it should be raised here for the first time.

The petition to vacate is denied.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., not participating.