## FOX v. SWIFT & CO. et al.

No. 26965. Dec. 22, 1936.

Rehearing Denied May 18, 1937.

Application for Leave to File Second Petition for Rehearing Denied June 8, 1937.

W. F. Schulte, for petitioner.

Butler & Brown and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding begun by the claimant, Virgil C. Fox, to review an order of the State Industrial Commission in so far as it fails to give the claimant the full amount claimed in the State Industrial Commission.

On the 6th day of June, 1933, claimant while unloading cases of cream fell backward from a truck and a full cream can fell on him, causing an injury to his left testicle which resulted in an operation for the same. The matter was first heard March 1, 1935, at Ada, Okla. Several hearings were thereafter held and the testimony finally concluded at Oklahoma City, January 6, 1936, and on the 13th day of January, 1936, the commission entered an award for five weeks' compensation, beyond the 5-day waiting period, at the rate of $12 per week, or the sum of $60, and the authorized, reasonable, and necessary medical expenses incur-

red by the claimant by reason of said accidental injury.

On January 28, 1936, the claimant filed a petition for rehearing, and on the 12th day of February, 1936, the same was overruled. Petition for review was filed February 12, 1936, by the claimant. On the last hearing before the commission Dr. Webster, who had testified for claimant at the first hearing, filed an affidavit in which he stated that on March 28, 1935, claimant underwent an operation at which time the testicle was removed, and that three weeks was the usual period for the complete recovery in this class of operations, and that the claimant had recovered from the operation in that length of time. Prior to this time the only testimony of the doctor as to any disability was at the first hearing, and he stated he examined claimant after the injury and sent him to the hospital, at which time he stated he could not tell whether the condition would get better or worse, and also stated whether there would have to be an operation and whether he could do manual labor was dependent upon conditions. Petitioner contends that the findings of the State Industrial Commission are not sufficient in that they failed to state whether there was any disability, either temporary, total or permanent partial between the two weeks directly after the injury and the three weeks allowed directly after the operation. He cites Clark v. Highway Commission, 146 Okla. 38, 293 P. 260. That was a case in which an award was denied a claimant, and it was not clear from the findings whether the commission had denied the award on the ground that the claimant was working as an independent contractor, or whether the commission found that he was not employed. The cause was sent back for a specific finding. Prairie Oil & Gas Co. v. King, 109 Okla. 213, 235 P. 522; McAlester Colliery Co. v. State Industrial Com., 85 Okla. 66. 204 P. 630, cited by claimant herein, cited Clark v. Highway Commission, supra, as authority under the rule therein announced. These cases are not applicable to the facts in the case at bar. We held in Wentz v. Brookshire, 150 Okla. 92, 300 P. 652, that where the commission made an award upon a specific finding and entered its order, such finding was a finding of every fact necessary to support such award. It therefore follows that the commission inferentially found that the claimant herein suffered no other disability than that for which the award was allowed.

The claimant urges that the award is against the clear weight of the evidence. The rule is that if there is any competent evidence to support the award, the same will not be disturbed by this court. Wentz v. Brookshire, supra. Claimant, after the accident, managed a baseball club, sold poultry and cream supplies on commission, and worked in the oil fields of Oklahoma City. In addition he seems to have worked at other jobs when an opportunity offered. We are of the opinion that there is competent evidence to support the award.

Award affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, and GIBSON, JJ., concur. WELCH, PHELPS, and CORN, JJ., absent.