BOEN v. STATE INDUSTRIAL COMMISSION et al.

No. 33957. Nov. 1, 1949.
Rehearing Denied Dec. 13, 1949.

*212 P. 2d 457.*

Hatcher & Hatcher and Baxter Taylor, all of Oklahoma City, for petitioner.

Butler & Rinehart, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, J. This is an original proceeding brought by petitioner, John Calvin Boen, to review an order of the State Industrial Commission denying compensation.

On the 1st day of April, 1948, claimant filed with the State Industrial Commission his first notice of injury and claim for compensation, stating that while employed as a laborer with the Colbert Feed Mills he sustained an accidental injury arising out of and in the course of his employment, on February 14, 1948, when he injured his back while shoveling cotton seed hulls. The National Livestock Commission was subsequently made a party to the proceeding. They will be referred to herein as respondents.

Claimant was employed to feed cattle in the yards of the respondents, and on said date was using a large fork to shovel cotton seed hulls from the bins into a wagon. He testified:

"Well, I was working out there loading cotton-seed hulls off of the ground and putting them up in a high bed wagon about eight feet high, and we had—I had reached down to get one of those pick-loads full and something caught me in the back, one of those eight-tong forks, big old wide forks, and I reached down to get a scoopful of it and started to throw it up and it caught me up there between the shoulders."

He further testified that a fork-full of hulls weighed approximately twenty pounds; that he rested for a while and started to reach down for another fork-full of hulls and saw he couldn't do it and sat down. This was shortly before the noon hour, and he sat around until noon. Although he stayed on the job in the afternoon until quitting time, he did not use the fork any more. The next day, he returned to work and stayed on the job until approximately 2:30 p.m., when his brother came for him and he went home. He reported to Dr. Jones and received heat treatments. He went to a hospital sometime in April, 1948, for a week. He stated that he had been examined by Doctors Adams, Rountree, Knight, Maril, Jones, and B. H. Moore. At the time of this hearing on July 19, 1948, he stated that he had not worked since the injury.

Dr. Moore filed a written report for claimant. The Adams Clinic, by Eugene F. Lester, filed an attending physician's report dated February 16, 1948. No other doctors testified or filed any reports, with the exception of Dr. Rountree and Dr. Maril, who filed reports offered by respondents.

Dr. Moore stated that he examined claimant on April 19, 1948, twice in June and on July 19, 1948; that he found him to be suffering from a strain in his back which injured both the upper and lower back; that because of his injury he was stooped and drawn; that he should have a chair-back brace fitted to him to give him proper support to put him in an upright position; that in his opinion claimant is still totally disabled and needs further treatment. He stated that X ray showed no bony pathology which could be attributed to an injury, and his statement does not disclose any displaced vertebrae or other objective symptoms. Both Dr. Maril and Dr. Rountree stated that after full and complete examinations they found claimant had no physical disability. Dr. Rountree stated that claimant "is an out-and-out malingerer". Dr. Maril, whose examination included the taking and reading of X rays, stated that claimant "is a definite malingerer". Dr. Maril had claimant placed in the Polyclinic Hospital in Oklahoma City, where he remained from April 23 to April 30, 1948. He stated that the claimant was given physiotherapy but was not co-operative, and, on April 25th, walked away from

the hospital, but returned the same day.

The testimony of Dr. Moore tended to establish a disability due to a strain caused from shoveling the cotton seed hulls. The testimony of Dr. Maril and Dr. Rountree tended to establish that there was no disability due to a strain.

On November 17, 1948, the State Industrial Commission entered the following findings:

"The claimant alleges to have sustained an accidental personal injury, arising out of and in the course of his employment with respondent, on February 14, 1948, to his back and other injuries.

"That the evidence introduced herein is insufficient to show that claimant sustained an accidental personal injury, arising out of and in the course of his employment with respondent, on or about February 14, 1948; and therefore claimant's claim for compensation herein should be denied."

The claimant appealed to the commission en banc and filed a motion for a more specific finding of fact. On December 22, 1948, the commission made the following finding:

"That the preponderance of evidence in this case shows that claimant sustained no accidental personal injury arising out of and in the course of his employment with respondent, on or about February 14, 1948; and therefore claimant's claim for compensation should be denied."

Claimant asserts that the evidence is undisputed that he suffered a strain and that the strain constitutes an accidental injury within the meaning of the Workmen's Compensation Law, 85 O.S. 1941 §1 et seq., and the holdings of this court in Terminal Oil Mill Co. v. Younger, 188 Okla. 316, 108 P. 2d 542, and Clarksburg Paper Co. v. Roper, 196 Okla. 504, 166 P. 2d 425. The claimant also argues that the findings of the State Industrial Commission are indefinite and uncertain. We agree with the contention of claimant that the

findings of the State Industrial Commission are indefinite and uncertain.

Adolph Schiebert, Darrell Davenport, and Ed Davenport, fellow employees working with claimant testified that claimant sustained a catch in his back or injured himself while shoveling hulls. Schiebert saw claimant drop the feed fork as if in pain. The evidence is susceptible of a finding that the claimant was guilty of falsifying an accidental injury and that, in fact, no injury occurred. The State Industrial Commission might have meant by its findings that claimant strained himself and that any strain he sustained did not constitute an accidental injury; or, it might have been the intention of the State Industrial Commission to find that although claimant sustained an injury there was no resulting disability. It is difficult to see how a finding could be made that claimant sustained an accidental injury but that it did not arise out of and in the course of his employment.

In Corzine v. Traders Compress, 196 Okla. 259, 164 P. 2d 625, we said:

"We are unable to determine whether the Commission intended to find and hold that the accident testified to by claimant did not occur, or whether it intended to hold that claimant did not receive a compensable injury by reason of such accident, and that the disability which he claims he subsequently suffered did not result therefrom, or whether the Commission intended to find that the accident did occur and resulted in disability, but that the same did not arise out of and in the course of the workman's employment. The mere happening of the accident would not, in itself, require an award to claimant. The award is made for disability due to an injury resulting from the accident. 85 O.S. 1941 §11; Eagle-Picher Mining & Smelting Co. v. Davison, 192 Okla. 13, 132 P. 2d 937.

"The Commission is required to make findings of ultimate facts responsive to the issues upon which its orders are based and they should be sufficiently definite to enable this court, on

appeal therefrom, to pass intelligently upon the correctness or incorrectness of such orders."

This rule has also been applied in Skelly Oil Co. v. Witty, 198 Okla. 384, 179 P. 2d 119; Adams v. City of Anadarko, 198 Okla. 484, 180 P. 2d 159; and. McCarthy v. Forbes Painting & Decorating Co., 200 Okla. 555, 198 P. 2d 212. We think the rule should be applied here.

In the application for a more specific finding filed in the State Industrial Commission after the appeal had been taken from the trial commissioner to the commission en banc, claimant requested that the State Industrial Commission determine whether or not his employment was hazardous. There should be a finding made thereon. In the same proceeding, and before the final award was made by the commission en banc, claimant also requested that this case be remanded to the trial commissioner for further testimony. If the claimant has further testimony which would aid in determining any of the issues in the proceeding, he should be permitted to present it. State Highway Commission v. Clark, 156 Okla. 119, 11 P. 2d 112.

The order is vacated and the cause remanded to the State Industrial Commission for further proceedings not inconsistent with the views herein expressed.

DAVISON, C.J., and WELCH, CORN, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, V.C.J., and GIBSON and LUTTRELL, JJ., dissent.