SKAGGS v. BENNETT VAN & STORAGE, Inc., et al.

No. 34594. Jan. 9, 1951.

*226 P. 2d 419.*

Turner M. King and Carloss Wadlington, Ada, for petitioner.

Fenton, Fenton & Thompson, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

LUTTRELL, J. On November 3, 1949, claimant Milburn Skaggs filed his first notice of injury and claim for compensation in the State Industrial Commission. In the notice and claim he listed his employer, Bennett Van & Storage, Inc., and its insurance carrier, Tri-State Insurance Company, as respondents, and stated that the accident for which he claimed compensation occurred on October 8, 1949, in the city of Ada. The cause of accident was given as "jerked knee on top of van while sanding". He listed the name and address of attending physician as E. M. Gullatt, Sugg Clinic, Ada, Oklahoma, and claimed permanent injury to his right leg because of the accident. The employer and insurance carrier, for their answer, filed a general denial and a specific denial that claimant received an accidental personal injury growing out of his employment. After a hearing before a trial commissioner compensation was denied, the trial commissioner finding that the claimant did not sustain an accidental personal injury arising out of and in the course of his employment, and that the commission lacked jurisdiction in the case. This award was affirmed by the commission en banc on appeal. Whereupon claimant filed this original action in this court to review the award.

Claimant first contends that the evidence established that claimant sustained an accidental injury, and that the award of the commission is not supported by competent evidence. This requires an analysis of the evidence.

The evidence was very brief. Claimant testified that at the time of the injury he was using a buffing machine working on top of a moving van in preparation to painting it. He described the accident as follows:

"Q. Just describe there to the court how that happened. A. Well, I was down using a buffer, started to get up, and this buffer jerked around and jerked a kink in my right leg; and I couldn't straighten my leg out."

He testified that the buffer was power-driven and was running when he injured his knee. He made no effort to describe the buffer, or to go into detail as to how the injury occurred. A report of Dr. O. E. Welborn, dated December 19, 1949, states that the patient had a cartilege operation on his right knee following injury to his right knee on October 8, 1949, while working for the Bennett Van & Storage, Inc., but does not give any history of the accident, or state how the injury occurred. This was all the evidence on behalf of claimant. On cross-examination counsel for the employer read to claimant a statement made by claimant to an employee of the insurance carrier on October 15, 1949, in which claimant stated that he had been down on his knees operating the sanding machine for about 30 minutes. He then testified as follows:

"I started to get up and I got up on my left leg. When I got up my right leg just wouldn't straighten up. I then started to straighten my right leg out. It felt like it was asleep. When I started to straighten it up I heard and felt a 'pop' in my knee."

In his direct examination claimant testified that the accident occurred on Saturday, the 8th, and on the following Monday he went to Dr. Gullatt for examination and treatment. The report of Dr. Gullatt, filed with the commission and dated October 10, 1949, in response to the question "State in patient's own words how the accident occurred", said: "On truck sanding and started to stand up and my right knee jumped out of place".

It is to be noted that the statement in the doctor's report which the doctor says was made to him by claimant corresponds with the statement made to the insurance carrier above quoted. Claimant contends that this last mentioned statement was not properly identified, and was improperly admitted. But we have heretofore held that the Industrial Commission is not bound by the strict rules of evidence. Santa Fe Transportation Co. v. Vaughan, 194 Okla. 16, 146 P. 2d 827. We have further held that evidence otherwise inadmissible may be considered by the Commission where the parties either consented thereto, or by their acts or conduct waive objections thereto. Joy v. State Industrial Commission, 182 Okla. 1, 75 P. 2d 1120.

While in the instant case claimant did not specifically state that he signed the statement read to him by counsel, it was read to him without objection, and his statements made while the instrument was read to him conclusively show that he did make the statement. This being the case the admission of the written statement in evidence, if erroneous, was waived.

Consideration of the evidence convinces us that it was amply sufficient to sustain the order of the Commission refusing an award to claimant. From the record it appears that the injury sustained by claimant was not an accidental injury, or the result of a strain or sprain suffered as the result of the work being done by him, but was rather, as stated in Phillips Petroleum Co. v. Eaves, 200 Okla. 21, 190 P. 2d 462, "a lamentable result of an ordinary employment of the body unattended by any accidental circumstances". We have consistently held that such occurrences were not accidental injuries, and were not covered by the Workmen's Compensation Law. Numerous cases so holding are cited in Phillips Petroleum Co. v. Eaves, supra.

Claimant further contends that the award is indefinite and uncertain for the reason that therefrom it cannot be determined whether the commission found that claimant sustained an accidental injury, but that the same was not in the course of his employment, or found that he was not engaged in a hazardous business, citing Boen v. State Industrial Commission, 202 Okla. 258, 212 P. 2d 457, and other similar cases. We do not agree. In the instant case it is not contended that claimant's employment was nonhazardous, or that the injury did not occur in the course of his employment. The sole question presented and determined by the commission was whether claimant had received an accidental injury which entitled him to compensation.

Claimant further contends that the commission en banc erred in denying his request that it remand the case to the trial commissioner for further testimony, citing in support of this contention Boen v. State Industrial Commission, supra.

The request to the commission did not disclose the nature of the additional testimony which claimant desired to take, the names of the witness or witnesses, or show that they had been unavailable when the case was heard before the trial commissioner. He simply requested the commission, if "unable to find and determine the facts as set forth in claimant's appeal" to make an order remanding the case to the trial commissioner for the taking of further testimony on behalf of claimant so that he could introduce other witnesses and their testimony on his behalf.

An application of this nature should be supported by some showing as to the nature and materiality of the testimony claimant expected to produce if his request was granted, and some showing as to why it could not be produced, or was not produced, at the hearing before the trial commissioner. In the absence of such showing the commissioner did not err in denying the request.

Order sustained.

DAVISON, C.J., and WELCH, CORN, GIBSON, HALLEY, and JOHNSON, JJ., concur. ARNOLD, V.C. J., and O'NEAL, J., dissent.