CITY OF EL RENO et al. v. SHORT et al.

No. 35202.    June 17, 1952.

*245 P. 2d 711.*

Mont R. Powell, William R. Saied, and Sam Hill, Oklahoma City, for petitioners.

W. F. Smith, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J.  On the 22nd day of May, 1951, the trial commissioner entered an award in favor of Virgil Short, claimant, finding that due to accidental injury arising out of and in the course of his employment with the city of El Reno he sustained a back injury by reason of which he is temporarily totally disabled. On June 21, 1951, this award was affirmed by the State Industrial Commission on appeal and this proceeding is brought by the employer and the State Insurance Fund, its insurance carrier, to review the same.

The evidence discloses that claimant was employed in the garage department of the city of El Reno. On November 28, 1950, he was lifting a heavy barrel when he strained his back. He was paid temporary total disability from the date of the injury until December 26, 1950, in the amount of $79.17. Thereafter he quit work on February 20, 1951, and was treated by a doctor at El Reno, who eventually sent him to a reputable clinic in Oklahoma City, where he was treated from March 5, 1951, until March 11th thereafter. Since quitting work February 20, 1951, he has performed no work of any kind. A physician of Oklahoma City testified that due to the accidental injury of November 29, 1950, claimant is temporarily totally disabled.

At the conclusion of the testimony of claimant the attorney for the State Insurance Fund asked claimant if he had been treated in July, 1950, by the doctor of El Reno for a back injury. Claimant answered that he had been treated by the doctor in July, 1950, but that it was not for a back injury, but for an injury to his leg caused by a barrel falling on his leg; that he made several trips to that doctor because of the leg injury and was treated by him and was given penicillin to cure the wound in the leg. At the conclusion of the hearing on May 22, 1951, the attorney for the State Insurance Fund requested that the case be set on the El Reno docket for the purpose of taking the testimony of the named doctor. He remarked that this request was made because the claimant had denied that this doctor had treated him in July, 1950, for a back injury. At the same time and as a part of the same request the attorney for the Fund announced that he wished to take the testimony of the city manager of the city of El Reno and certain employees of said city to determine the nature of work which claimant had done after the date of the injury, and particularly, since his return to work on December 26, 1950. Claimant at that time offered to take the depositions of the named

doctor and all of the witnesses referred to by the attorney for the State Insurance Fund, but petitioner declined to do this. Claimant stated that he would be willing to pay the expenses for such depositions. At the time of the request petitioner, State Insurance Fund, had in its possession the report of the named doctor, and also the report of another doctor who treated claimant while he was at the clinic in Oklahoma City. The State Insurance Fund declined to introduce these reports and appealed from the award made by the trial commissioner to the commission en banc and in the order on appeal the commission en banc likewise denied the request for a continuance.

The single issue presented to this court is that the petitioners were denied due process prior to the entering of the award. Petitioners cite Forrester v. Marland, 142 Okla. 193, 286 P. 302; Stanolind Pipe Line Co. v. Geurin, 162 Okla. 71, 19 P. 2d 139, and Smith Const. Co. v. Price, 178 Okla. 423, 63 P. 2d 108. These cases are readily distinguishable from the case under consideration. In Stanolind Pipe Line Co. v. Geurin, supra, the employer was denied the right to make proper investigations of where claimant had worked since the injury in an application for an award for permanent disability. A great length of time had intervened between the time he had quit work for the Stanolind Pipe Line Company and the time he filed his claim for an additional award. In Forrester v. Marland, supra, there was no hearing at all on the application of claimant after the State Industrial Commission had vacated a former award on the ground that the claimant had not had a complete hearing.

Ordinarily, where there is a first hearing for the claimant, a request to the trial commissioner conducting the hearing for a continuance for further testimony is immediately granted. This is a matter entirely within the discretion of the trial commissioner or the State Industrial Commission. This discretion should not be abused to the disadvantage of a party before the tribunal. We do not think it was in the case at bar. Assuming that the named doctor would testify that he treated claimant for a back injury in July, 1950, that would not be conclusive as to whether claimant later sustained an injury in November, 1950. We have held that claimant may maintain a claim for disability due to lighting up or aggravation of a former latent disability. Protho v. Nette, 173 Okla. 114, 46 P. 2d 942. It is not stated what testimony the city manager of El Reno would furnish or what the testimony of the other employees would be. There was only a short period of time after the temporary disability was supposed to have ceased on December 26, 1950, and the time that claimant quit work in February thereafter. There is no explanation of why the witnesses now wanted by petitioner did not appear at the trial set May 22, 1951, At the date of the trial the State Insurance Fund had in its possession the reports of the physicians as above mentioned.

In Barnsdall Refining Corporation v. Locker, 182 Okla. 318, 77 P. 2d 749, we said:

"In a hearing before the State Industrial Commission upon proper notice where all parties are present or represented by counsel, an application for continuance is addressed to the sound discretion of the commission, and a judgment of the commission denying the continuance will not be reversed by this court on review, unless there is an abuse of discretion by the commission resulting in manifest injustice."

Under these circumstances we find as a matter of law that the petitioners were not denied the opportunity of a complete hearing.

Award sustained.

HALLEY, V.C.J., and CORN, DAVISON, JOHNSON, and O'NEAL, JJ., concur.