Jesse Harold WADLEY, Petitioner,

v.

AMERICAN WINDOW GLASS COMPANY, Aetna Casualty and Surety Company, and State Industrial Commission, Respondents.

No. 38247.

Supreme Court of Oklahoma.

June 30, 1959.

Rainey & Barksdale, Okmulgee, for petitioner.

Covington, Donovan & Gibbon, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

Claimant, Jesse Harold Wadley, testified that he sustained an accidental injury to his back on August 1, 1956, while removing some material from a box car. He failed to give written notice within 30 days to his employer, American Window Glass Company. However, he testified that on the date of the alleged accident he notified Mr. Tallant who handled compensation claims for his employer and also notified the nurse at the company's first aid station that he had sustained an injury on the job. He admitted, however, that he did not tell either Tallant or the nurse how he had hurt his back.

Tallant testified for respondents that on August 1, 1956, claimant notified him he was having "pain in his lower stomach area. That he didn't know what the cause of it was."; that the nurse's records disclosed claimant had not reported an injury, but only a recurrence of an old back injury sustained in November of 1954; that claimant did not at any time give notice that he had hurt himself on the job.

Claimant continued working through August 14. On the night of the 14th, claimant's wife called Mr. Tallant. As to this conversation, Tallant testified that claimant's wife said nothing about claimant having hurt himself on the job, only that claimant was in severe pain and requested advise as to what should be done; that he (Tallant) said he knew nothing of an injury and therefore had no authority to send claimant to a doctor, and that claimant's wife should contact Mr. Harper, a representative of employer's insurance company.

Claimant's wife called Mr. Harper the same night, and according to the testimony of claimant's wife, Harper said he would come to Okmulgee (where claimant lived) in a few days. Claimant then called Dr. R, who accepted claimant as a private patient, and took him to a hospital in Tulsa the next day.

Claimant testified that he talked to Mr. Harper again on or about the 17th, at which time he told Harper that he was going to be operated on Tuesday, to which Harper replied, "I will see you on Monday or Tuesday"; that Harper did not agree to assume responsibility for the operation. Claimant heard nothing further from Harper. On August 21, Dr. W performed a spinal fusion.

Claimant's evidence disclosed that he had previously been off work three times since 1954, because of difficulty with his back. The total time off for this reason totaled at least eleven weeks. During that time he was seen by four different doctors.

The trial judge made the following findings and order:

"Claimant alleges to have sustained an accidental injury August 1, 1956,

and continued to work until August 15, 1956 and went to an osteopathic physician of his own choice and thereafter surgery was performed by Dr. Frank Wolfe of Tulsa on August 21, 1956, without the knowledge or consent of respondent and insurance carrier.

"Claimant sustained an accidental injury to his back in 1954 and told his employer that he was still having trouble by reason thereof and did not report the alleged accident of August 1, 1956 as required by law and the respondent was prejudiced thereby.

"Claimant's disability is due to his injury of 1954 and the surgical operation on his back and is not due to the alleged accident of August 1, 1956."

■ In his petition for review claimant contends that the findings are not supported by the evidence.

In Nunnery v. Beatrice Foods Company, Okl., 340 P.2d 236, handed down June 2, 1959, we held that where a claimant fails to give written notice but offers competent evidence that actual notice was given within 30 days, the Commission must make a finding of prejudice or a finding that adequate actual notice was not given as a condition to the entry of an order denying compensation for failure to give written notice.

In the instant case there was a specific finding of prejudice, and the findings are also sufficient to constitute a finding that actual notice was not given within the 30 day period. Accepting respondents' evidence as true, we think there is sufficient evidence to support both such findings. According to respondents' evidence claimant never gave notice, of any kind, at any time, that he had sustained an accidental injury on the job, but on the contrary affirmatively advised that his difficulty was due to a recurrence of an old injury. If true, these facts constitute evidence that actual notice was never given, and evidence of prejudice.

■ Claimant further contends that the order in this cause was entered prior to the time the case had been submitted. It is urged that this was beyond the Commission's jurisdiction and an abuse of discretion. We do not agree.

The hearing was had on May 28, 1957, and continued for submission of medical reports. Claimant filed his medical reports in June and August of 1957. By agreement of the parties, depositions were taken on January 13, 1958. At the conclusion of the taking of depositions, the following exchange took place between Mr. Covington, attorney for respondents, and Mr. Rainey, attorney for claimant.

"Mr. Rainey: You may step down. (Witness excused.) (Signature of witness waived.) I believe I am through, Mack, if you are.

"Mr. Covington: Yes.

"Mr. Rainey: If you start in again, I am liable to, too.

"Mr. Covington: Do you want to show that this matter is submitted?

"Mr. Rainey: Not at this moment. I may want to take a little more testimony. Some things have come up here. I intended to have Roy Batterton here. He wasn't available, today. Couldn't be here. But I don't think I will take any more testimony on that. Let me study it over, for a few days; and then I will let you know.

"Mr. Covington: Yes, sir.

"Mr. Rainey: If that's agreeable."

The depositions were filed and introduced in the record Jan. 30, 1958, and the hereinabove quoted order was entered Feb. 13, 1958.

85 O.S.1951 § 26 provides that the Commission shall make or deny an award as soon as practicable, after the hearing is closed.

The hearing was continued for the sole purpose of submitting medical reports. Claimant had filed his reports. Respondents never submitted a medical report, but the record does not disclose that respondents had any medical reports to submit, or that their doctors ever examined claimant.

in connection with the alleged injury and, in any event, claimant could not be heard to complain in this regard.

The decision as to when a hearing is to be closed is not absolutely controlled · by the parties. In City of El Reno v. Short, 206 Okl. 592, 245 P.2d 711, we held that the Commission did not err in refusing a continuance for the taking of additional testimony. There inheres in this conclusion the further conclusion that a hearing can be closed over the protest of the parties, and despite their desires to take additional testimony. It cannot be said that the trial judge lacked jurisdiction to enter the order.

Nor can it be said that the action of the trial judge constituted an abuse of discretion. So far as the record shows the trial judge was never advised of the possibility that claimant might want to take further testimony. The medical reports had been filed. The judge waited two weeks after the depositions were filed before entering the order. This action could not constitute an abuse of discretion, in any event, unless claimant by appropriate pleading advised the Commission that he had additional evidence to present and the general nature of such evidence.

If claimant had additional material evidence to present, he should have so advised the Commission and given them some idea of the nature of same. In Skaggs v. Bennett Van & Storage, Inc., 204 Okl. 32, 226 P.2d 419, 422, we said:

"Claimant further contends that the Commission en banc erred in denying his request that it remand the case to the trial commissioner for further testimony, citing in support of this contention Boen v. State Industrial Commission, supra [202 Okl. 258, 212 P.2d 457].

"The request to the Commission did not disclose the nature of the additional testimony which claimant desired to take, the names of the witness or witnesses, or show that they had been unavailable when the case was heard before the trial commissioner. He simply requested the Commission, if 'unable to find and determine the facts as set forth in claimant's appeal' to make an order remanding the case to the trial commissioner for the taking of further testimony on behalf of claimant so that he could introduce other witnesses and their testimony on his behalf.

"An application of this nature should be supported by some showing as to the nature and materiality of the testimony claimant expected to produce if his request was granted, and some showing as to why it could not be produced, or was not produced, at the hearing before the trial commissioner. In the absence of such showing the Commissioner did not err in denying the request."

In the instant case, it does not appear that claimant desired to take further testimony. In his notice of appeal to the Commission en banc, he merely stated that the order was entered before the case had been submitted, and quoted the conversation between the lawyers. He didn't ask the Commission en banc to remand the case for further testimony. He only prayed that the order be set aside and that the Commission en banc enter an order awarding compensation.

Order sustained.

DAVISON, C. J., and HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, V. C. J., and BLACKBIRD, J., dissent.

WILLIAMS, Vice Chief Justice (dissenting).

I respectfully dissent to the majority opinion on the ground that claimant, under the circumstances of this case, and in my opinion, has been denied due process of law.

Claimant's Form 3 was filed on September 24, 1956. Eight months later, May 28, 1957, a hearing was held. Claimant's medical reports were filed on June 11 and August 8, 1957. Eight months after this

hearing, on January 13, 1958, depositions of witnesses for both parties were taken. These depositions were filed on January 30, 1958. Thirteen days later the order complained of was made by the trial commissioner. Title 85 O.S.1951 § 26 provides as follows:

"Any time after the expiration of the first five days of disability on the part of the injured employee, a claim for compensation may be presented to the Commission * * * The Commission shall have full power and authority to determine all questions in relation to payment of claims for compensation under the provisions of this Act. The Commission shall make, or cause to be made, such investigation as it deems necessary, and upon application of either party shall order a hearing, and as soon as practicable, after a claim for compensation is submitted under this Section, *or such hearing closed,* shall make or deny an award determining such claim for compensation, * * *" (Emphasis ours).

Due process of law is discussed in Oklahoma Gas & Electric Co. v. Wilson & Co., 146 Okl. 272, 288 P. 316, 324, in which we quoted Daniel Webster's definition contained in the Trustees of Dartmouth College v. Woodward case, 4 Wheat 518, 4 L. Ed. 629:

"The essential elements of due process of law are: (1) Notice. (2) An opportunity to be heard. (3) An opportunity to defend. (4) An orderly proceeding adapted to the nature of the case."

"Order" is defined as "customary mode of procedure". Where a tribunal, having jurisdiction to determine rights of parties before it, deviates from its customary mode of expeditiously handling a cause within its jurisdiction and permits the parties thereto to be dilatory in its prosecution, the sudden expediting of such cause by entry of award or judgment without notice to the parties is, in my view, denial of due process of law.

As above indicated, I therefore respectfully dissent.

I am authorized to state that BLACKBIRD, J., concurs with the views herein expressed.